**FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff–Appellant,**

v.

**NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Defendant–Appellee.**

No. 992, Docket 94–7677.

United States Court of Appeals, Second Circuit.

Argued March 1, 1995.

Decided May 2, 1996.

Richard S. Fischbein, Fischbein Badillo Wagner Itzler, New York City (Kenneth G. Schwarz, Pamela A. Phillips, of counsel;

Mitchell A. Rothken, Assistant General Counsel, Federal Home Loan Mortgage Corporation, of counsel), for Plaintiff–Appellant.

Gary R. Connor, Assistant Attorney General, State of New York, New York City (G. Oliver Koppell, Attorney General; Karen S. Smith, Assistant Attorney General, of counsel), for Defendant–Appellee.

Jean E. Burke, Thacher Proffit & Wood, New York City (Joseph Philip Forte, Michael B. Wolk, of counsel; William E. Cumberland, General Counsel, Mortgage Bankers Association of America, Washington, DC, of counsel), for Amicus Curiae Mortgage Bankers Association of America.

Stuart M. Saft, Wolf Haldenstein Adler Freeman & Herz, New York City, for Amicus Curiae Council of New York Cooperatives.

Pamela Seider Dolgow, Assistant Corporation Counsel, City of New York, New York City (Paul A. Crotty, Corporation Counsel; John Hogrogian, Assistant Corporation Counsel, of counsel), for Amicus Curiae The City of New York.

Sandra Russo, Legal Services for New York City, New York City (David Robinson, of counsel; William A. Schoneman, White & Case, New York City, of counsel), for Amici Curiae Legal Services for New York City et al.

Before: LUMBARD and WINTER, Circuit Judges, and BATTS, District Judge.*

WINTER, Circuit Judge:

The Federal Home Loan Mortgage Corporation ("FHLMC") brought this declaratory judgment action seeking a determination that an exemption from New York City's Rent Stabilization Law for housing that is cooperatively owned, *see* N.Y. City Admin. Code § 26–504, continues to apply even upon foreclosure, or alternatively, that application of the Rent Stabilization Law to previously exempt housing violates the Takings Clause of the United States Constitution, U.S. Const. amend. V.

---

* The Honorable Deborah A. Batts, United States District Judge for the Southern District of New York, sitting by designation.

The dispute arose from the following facts. In July 1986, FHLMC became the assignee of a $1.45 million mortgage on a multi-family apartment dwelling located in Brooklyn, New York. At the time the FHLMC acquired its mortgage lien, the building consisted exclusively of rental units, all of which were subject to the provisions of the New York City Rent Stabilization Law, *see* N.Y. City Admin. Code § 26–501, *et seq.* After the FHLMC's acquisition of the mortgage lien, the building was converted to cooperative ownership, and title to the building passed to the 101 Lincoln Tenants Corporation (the "co-op corporation"). The FHLMC approved the conversion on November 16, 1989. Three of eighty-three units in the building were purchased by existing tenants; seventeen units were purchased by outsiders with no prior rental relationship with the building. The remaining units, rented by existing tenants who declined the purchase option, remained rent stabilized; these units are not the subject of the instant appeal.

Within two years after the conversion, the co-op corporation defaulted on its mortgage, and FHLMC instituted foreclosure proceedings. A judgment of foreclosure was entered on October 8, 1991, and in June, 1993 FHLMC purchased the property at public auction. Upon completion of the foreclosure, the proprietary leases were cancelled. FHLMC then commenced this declaratory judgment action in federal district court, seeking a ruling as to whether, upon dissolution of the co-op corporation, the units revert to rent-stabilized status.

On cross-motions for summary judgment, Judge Glasser granted judgment for the defendant. *Federal Home Loan Mortgage Corp. v. New York State Div. of Housing and Community Renewal,* 854 F.Supp. 151 (E.D.N.Y.1994). Pursuant to Article VI, § 3(b)(9) of the New York Constitution and New York Rule of Court § 500.17(b), 22 N.Y.C.R.R. § 500.17, we certified to the New York Court of Appeals a question of law: whether the units in a rent-stabilized building that was converted to cooperative ownership revert to rent-stabilized status upon foreclosure of a cooperative's underlying mortgage and the return of the building to

operation as rental housing. *Federal Home Loan Mortgage Corp. v. New York State Div. of Housing and Community Renewal,* No. 94–7677 (2d Cir. Apr. 28, 1995) (order certifying unsettled question of New York state law). We did not certify any questions of law concerning rent stabilization and the federal Constitution.

The Court of Appeals answered the state law question in the affirmative, holding that rent stabilization applies to formerly cooperative housing that, because of foreclosure, has reverted to rental status, *Federal Home Loan Mortgage Corp. v. New York State Div. of Housing and Community Renewal,* 87 N.Y.2d 325, 639 N.Y.S.2d 293, 662 N.E.2d 773 (1995). However, the Court of Appeals also addressed the federal constitutional claims raised by FHLMC, which had not been certified and over which we had explicitly retained jurisdiction. There is, therefore, a serious jurisdictional issue with regard to the binding effect of the Court of Appeals decision. We need not reach that issue, however, because our independent consideration of the federal questions leads to the same result reached by the Court of Appeals.

 Rent control is a controversial subject, and some have argued that it offends the Takings Clause of the Constitution as a physical or regulatory taking of the landlord's property. *See* Richard A. Epstein, *Takings: Private Property and the Power of Eminent Domain* 186–88 (1985); Epstein, *Rent Control and the Theory of Efficient Regulation,* 54 Brook.L.Rev. 741, 742–50 (1988); Neal Stout, *Making Room at the Inn: Rent Control as a Regulatory Taking,* 38 Wash. U.J. Urb. & Contemp. L. 305 (1990). Caselaw has run in the other direction, however, and it is not for a lower court to reverse this tide. Under governing Supreme Court precedent, a taking occurs where governmental action compels an owner to endure a "permanent physical occupation" of its property. *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 426, 102 S.Ct. 3164, 3171, 73 L.Ed.2d 868 (1982). However, where a property owner offers property for rental housing, the Supreme Court has held that government regulation of

the rental relationship does not constitute a physical taking. *See Yee v. City of Escondido,* 503 U.S. 519, 529, 112 S.Ct. 1522, 1529, 118 L.Ed.2d 153 (1992); *see also Rent Stabilization Ass'n v. Higgins,* 83 N.Y.2d 156, 172–73, 608 N.Y.S.2d 930, 630 N.E.2d 626 (1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2693, 129 L.Ed.2d 823 (1994). FHLMC purchased an occupied building and acquiesced in its continued use as rental housing. The law does not "subject [the] propert[y] to a use which [its owner] neither planned nor desired." *Seawall Assoc. v. City of New York,* 74 N.Y.2d 92, 105, 544 N.Y.S.2d 542, 548, 542 N.E.2d 1059, 1065 , *cert. denied,* 493 U.S. 976, 110 S.Ct. 500, 107 L.Ed.2d 503 (1989). Rather, it regulates the terms under which the owner may use the property as previously planned.

It is also immaterial under the caselaw that the units' occupants had a prior rental relationship with FHLMC. The renters had been occupying the units (albeit as owners of those units) continuously for several years, and the harm suffered by FHLMC is not of the character required by the caselaw to constitute an unconstitutional physical taking. *See Yee,* 503 U.S. at 525, 530–31, 112 S.Ct. at 1527, 1529–30 (where owners of mobile home park voluntarily rented land to mobile home owners, municipal rent control ordinance did not authorize "unwanted physical occupation" and did not constitute unconstitutional physical taking).

 Nor does the caselaw support the view that application of the Rent Stabilization Law constitutes a regulatory taking. *See Keystone Bituminous Coal Assoc. v. DeBenedictis,* 480 U.S. 470, 485, 107 S.Ct. 1232, 1241, 94 L.Ed.2d 472 (1987) (regulatory taking can occur where regulation denies an owner economically viable use of the property or does not substantially advance legitimate state interest). Rent stabilization does not deprive FHLMC of economically viable use of the property. Although FHLMC will not profit as much as it would under a market-based system, it may still rent apartments and collect the regulated rents. *See*

*Bowles v. Willingham,* 321 U.S. 503, 517, 64 S.Ct. 641, 648, 88 L.Ed. 892 (1944) (reduction of value of property as result of regulation does not constitute taking); *Park Ave. Tower Assocs. v. City of New York,* 746 F.2d 135, 139–40 (2d Cir.1984), *cert. denied,* 470 U.S. 1087, 105 S.Ct. 1854, 85 L.Ed.2d 151 (1985) (regulation may not preclude property owner "from realizing any profit whatsoever" but owner is not guaranteed "reasonable return" on investment); *Rent Stabilization Ass'n v. Dinkins,* 805 F.Supp. 159, 163 (S.D.N.Y.1992) (rent control does not constitute regulatory taking simply because it denies owners reasonable return on property), *aff'd* 5 F.3d 591 (2d Cir.1993); *cf. Higgins,* 83 N.Y.2d at 173, 608 N.Y.S.2d 930, 630 N.E.2d 626 (where owner's right to receive regulated rents is not impaired, regulation expanding the definition of "protected family members" for noneviction purposes does not deprive owners of all economically beneficial uses of their property).

FHLMC has thus failed to demonstrate that the regulations constitute either a physical or regulatory taking under governing caselaw,[1] and we affirm.

---

**1.** We reject as unworthy of discussion FHLMC's void for vagueness argument based on the Due Process Clause.