10-1126-cv
Harmon v. Markus

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand eleven.

Present:
      AMALYA L. KEARSE,
      ROBERT D. SACK,
      ROBERT A. KATZMANN,
          *Circuit Judges*,

─────────────────────────────────────

JAMES D. HARMON, JR., JEANNE HARMON,

    *Plaintiffs-Appellants*,

        v.                    No. 10-1126-cv

MARVIN MARKUS, individually and in his official capacity as Member and Chair of the New York City Rent Guidelines Board, City of New York, DEBORAH VAN AMERONGEN, individually and in her official capacity as Commissioner, Division of Housing & Community Renewal, State of New York,

    *Defendants-Appellees*.

─────────────────────────────────────

For Plaintiffs-Appellants:           JAMES D. HARMON, JR., New York, N.Y.

For Defendant-Appellee           SUDARSANA SRINIVASAN, Assistant Solicitor General
Deborah Van Amerongen:       (Barbara D. Underwood, Solicitor General, and Michael
                              S. Belohlavek, Senior Counsel, *of counsel*), *for* Andrew

M. Cuomo, Attorney General of the State of New York, New York, N.Y.

For Defendant-Appellee
Marvin Markus:

Kristin M. Helmers, Assistant Corporation Counsel (Michelle Goldberg-Cahn and Alan G. Krams, *of counsel*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Jones, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants James D. Harmon, Jr. and Jeanne Harmon (collectively, the "Harmons") appeal from the March 2, 2010 judgment of the district court dismissing the complaint in its entirety. On appeal, the Harmons argue that the district court erred in dismissing their claims that the New York City Rent Stabilization Law, N.Y. City Admin. Code § 26-501 *et seq.* ("RSL"), is unconstitutional under the Takings Clause, the Contracts Clause, the Due Process Clause, and the Equal Protection Clause of the United States Constitution. We assume the parties' familiarity with the facts and procedural history of this case.

We begin with the Harmons' argument that the district court erred in dismissing their claim that the RSL effects an unconstitutional taking of their property. The Takings Clause of the Fifth Amendment, made applicable to the states and local governments through the Fourteenth Amendment, provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V  In some instances, government regulation of private property may be "so onerous that its effect is tantamount to a direct appropriation or ouster—and that such 'regulatory takings' may be compensable under the Fifth Amendment." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005).  For example, "where government requires an

2

owner to suffer a permanent physical invasion of her property—however minor—it must provide just compensation." *Id.* at 538 (citing *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419 (1982)). We review *de novo* the district court's dismissal for failure to state a claim. *See, e.g.*, *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010).

Here, the Harmons argue principally that the RSL effects permanent physical occupation of their property on the ground that it affords their tenants "rights and protections having attributes of fee ownership." Pls.' Br. 14. The Harmons, however, do not dispute that they retain statutory rights, among others, (1) to "recover possession of housing accommodations because of immediate and compelling necessity for [their] own personal use and occupancy," N.Y. Comp. Codes R. & Regs. tit. 9, § 2104.5(a)(1), (2) to "recover possession of housing accommodations for the immediate purpose of demolishing them," provided that "such demolition is to be made for the purpose of constructing other than housing accommodation," *id.* § 2204.8(a)(2), and (3) to "evict an unsatisfactory tenant," *Rent Stabilization Ass'n of N.Y.C., Inc. v. Higgins*, 83 N.Y.2d 156, 172 (1993). We have observed that where, as here, "a property owner offers property for rental housing, the Supreme Court has held that governmental regulation of the rental relationship does not constitute a physical taking." *Fed. Home Loan Mortg. Corp. v. N.Y. State Div. of Hous. & Cmty. Renewal*, 83 F.3d 45, 47-48 (2d Cir. 1996) (citing *Yee v. City of Escondido*, 503 U.S. 519, 529 (1992)); *see also Higgins*, 83 N.Y.2d at 172 ("That a rent-regulated tenancy might itself be of indefinite duration—as has long been the case under rent control and rent stabilization—does not, without more, render it a permanent physical occupation of property.") (citation omitted).

Moreover, the Harmons concede that they acquired their property in 2005 with full knowledge that it was subject to the RSL. Thus, they have "acquiesced in its continued use as rental housing." *Fed. Home Loan*, 83 F.3d at 48; *see also id.* ("The law does not subject the

3

property to a use which its owner neither planned nor desired.  Rather, it regulates the terms under which the owner may use the property as previously planned." (internal alterations, citations, and quotation marks omitted)).  We therefore conclude that the RSL does not effect permanent physical occupation of the Harmons' property and, accordingly, the district court did not err in dismissing this takings claim.

We turn next to the Harmons' contention that the RSL is unconstitutional under the Contracts Clause, which provides that "No State shall . . . pass any . . . Law impairing the Obligation of Contracts."  U.S. Const. Art. I, § 10.  To state a claim for violation of the Contract Clause, the complaint must allege sufficient facts to demonstrate that state law has "operated as a substantial impairment of a contractual relationship."  *Gen. Motors Corp. v. Romein*, 503 U.S. 181, 186 (1992) (internal quotation marks omitted).  "This inquiry has three components: whether there is a contractual relationship, whether a change in law impairs that contractual relationship, and whether the impairment is substantial."  *Id.*

The Harmons argue that the RSL impairs their right to "enter into leases on mutually agreeable terms, and to contract for the sale of their building, unencumbered by the tenants' statutory 'bundle' of property rights."  Pls.' Br. 60.  A contract, however, cannot be impaired by a law in effect at the time the contract was made.  *See, e.g.*, *2 Tudor City Place Assocs. v. 2 Tudor City Tenants Corp.*, 924 F.2d 1247, 1254 (2d Cir. 1991) ("Laws and statutes in existence at the time a contract is executed are considered a part of the contract, as though they were expressly incorporated therein.").  Here, there is no dispute that the RSL was enacted and became applicable to the Harmons' property many years before they took ownership of it.  Thus, the Harmons' argument that the RSL impairs their lease agreements with rent-stabilized tenants is without merit.

4

Finally, we conclude that the Harmons' due process and equal protection claims fail as a matter of law. *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot.*, 130 S. Ct. 2592, 2606 (2010) (observing that the Due Process Clause cannot "do the work of the Takings Clause" because "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims") (other internal quotation marks omitted); *see, e.g.*, *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 470 (2d Cir. 2006) (holding that conclusory allegation of an equal-protection claim of impermissible classification does not survive motion to dismiss).

We have considered the Harmons' remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5