Michael C. DELEW; Michael C. Delew, as Special Administrator of the Estate of Erin Rae Delew; Erin Rae Delew, Estate of; H. Roy Mayberry; Vickie Mayberry, Plaintiffs–Appellants,

v.

Janet Kathleen WAGNER; Las Vegas Metro Police Department; State Of Nevada; Nevada Highway Patrol; Edward Jensen, Lieutenant; Richard Womack,

Sergeant; Curtis Albert, Sergeant; Thomas Harmon, Sergeant; Richard Hart, Detective; William Johnson, Detective; William Smith, Officer; Keith Bowers, Officer; David Wagner, Officer; Greg Goen, Officer; William Adamson, Sergeant; Harvey Weatherford, Sergeant; Joseph A. Smith, Trooper; Garth Gardner, Trooper; Joseph Wyngard, Trooper; James Brannum, Trooper, Defendants–Appellees.

No. 97–15778.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1998.

Decided May 11, 1998.

Timothy M. Rastello, Holland & Hart, Denver, Colorado, for plaintiffs-appellants.

Keith Edwards, Edwards, Hale & Sturman, Bridgette Branigan, Deputy Attorney General, Peter M. Angulo, Rawlings, Olson, Cannon Gormley & Desruisseaux, Las Vegas, Nevada, for defendants-appellees.

Before: SNEED, WOOD, [*] and O'SCANNLAIN, Circuit Judges.

SNEED, Circuit Judge:

Plaintiffs Michael C. Delew and H. Roy and Vickie Mayberry ("the Delews")[1] appeal the district court's dismissal of their suit under 42 U.S.C. § 1983. We must decide whether the Delews' complaint states a claim for relief under section 1983. We conclude that it does. We therefore remand with instructions consistent with this opinion.

## I.

## BACKGROUND

Erin Rae Delew died when her bicycle was struck by a vehicle driven by Janet Kathleen Wagner. An investigation undertaken by the Las Vegas Metropolitan Police Department ("LVMPD") and Nevada Highway Patrol ("NHP") ultimately found that Janet Kathleen Wagner was not the cause of Erin Rae Delew's death. The Delews are not convinced. They allege that Wagner, whose husband is an LVMPD officer, and certain named LVMPD and NHP officers, covered-up and conspired to cover-up the true facts surrounding Erin Rae Delew's death in violation of the Delews' constitutional rights.

In their complaint, the Delews allege that Janet Kathleen Wagner operated her vehicle negligently by driving (1) 30% in excess of the maximum posted speed limit, (2) while under the influence of alcohol, and (3) in violation of the deceased's right-of-way. They further allege that the LVMPD and NHP officers allowed Wagner to leave the scene of the accident during the initial investigation.

The Delews further allege that after the LVMPD and NHP officers learned the true facts of Erin Rae Delew's death, they successfully covered-up the true facts by: (1) deliberately refraining from performing a field sobriety test on Wagner; (2) deliberately refraining from performing a chemical blood alcohol test on Wagner within two hours of the fatal accident; (3) deliberately failing to preserve physical evidence such as skid marks and relevant debris; and (4) allowing Wagner to leave the scene of the accident. The defendants flatly deny the allegations.

On November 10, 1994, the Delews filed a wrongful death action against Janet Kathleen Wagner in state court. We are informed that trial is set for February, 1999. After evidence of a cover-up surfaced during the discovery phase, the Delews sought leave to amend their wrongful death action by adding a section 1983 claim. The state court denied the motion and directed the Delews to file a separate section 1983 complaint. While we question the soundness of that decision, we have no power to correct it and must accept

---

[*] Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

1. Michael C. Delew is the deceased's husband. H. Roy and Vickie Mayberry are the deceased's parents.

the unique posture the Delews' claims appear before us.

On September 26, 1996, the Delews filed their section 1983 action in state court. The defendants removed the case to the district court pursuant to 28 U.S.C. § 1441(a), (b). Immediately thereafter, Janet Kathleen Wagner independently moved to dismiss under Fed.R.Civ.P. 12(b)(6). Despite the failure of the remaining defendants to join the motion, the district court dismissed as to all defendants on the ground that the Delews' allegations failed to provide an independent basis for relief under section 1983. The district court dismissed the Delews' conspiracy claim on the ground that there was no evidence or allegation of evidence that the alleged conspirators infringed upon any cognizable protected right. In the alternative, the court dismissed the entire complaint on the ground that the Delews had impermissibly split their causes of action by bringing a state wrongful death action and a separate action under section 1983. The Delews appeal these rulings.

## II.

### JURISDICTION AND STANDARD OF REVIEW

This action fell within the district court's original jurisdiction. See 28 U.S.C. §§ 1331, 1343. The judgment of the district court granting dismissal is an appealable final order. See 28 U.S.C. § 1291.

■ We review the district court's order of dismissal under Rule 12(b)(6) de novo. See Stone v. Travelers Corp., 58 F.3d 434, 436–37 (9th Cir.1995). We will affirm the district court's order of dismissal only if it appears "beyond doubt" that the Delews can prove no set of facts that would entitle them to relief. See Mountain High Knitting, Inc. v. Reno, 51 F.3d 216, 218 (9th Cir.1995).

### III.

### DISCUSSION

■ The Delews' primary contention on appeal is that the district court erred by dismissing their section 1983 complaint on the ground that they failed to state an independent basis for relief under 42 U.S.C. § 1983.

■ In order to resolve this issue, we must determine whether the Delews' complaint alleged facts showing a deprivation of a right, privilege or immunity secured by the Constitution or federal law, by one acting under color of state law. See Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991). Because the district court dismissed under Rule 12(b)(6), we must accept all allegations of material fact as true and construe them in the light most favorable to the Delews. See Argabright v. United States, 35 F.3d 472, 474 (9th Cir.1994).

The Delews have indeed alleged a constitutional violation, namely, that the defendants violated the Delews' right of meaningful access to the courts by covering up the true facts surrounding Erin Rae Delew's death. The Supreme Court held long ago that the right of access to the courts is a fundamental right protected by the Constitution. See Chambers v. Baltimore & Ohio R.R. Co., 207 U.S. 142, 148, 28 S.Ct. 34, 35, 52 L.Ed. 143 (1907). More recently, the Sixth Circuit held that the Constitution guarantees plaintiffs the right of meaningful access to the courts, the denial of which is established where a party engages in pre-filing actions which effectively covers-up evidence and actually renders any state court remedies ineffective. See Swekel v. City of River Rouge, 119 F.3d 1259, 1262 (6th Cir.1997), cert. denied, —— U.S. ——, 118 S.Ct. 690, 139 L.Ed.2d 636 (1998). That court stressed that a "plaintiff cannot merely guess that a state court remedy will be ineffective because of a defendant's actions." Id. at 1264.

■ Applying the Sixth Circuit's reasoning in Swekel to the Delews' case, we believe the Delews' complaint alleges a cognizable claim under section 1983.[2] To prevail on

---

2. We reject Wagner's argument that the Delews are precluded from alleging a constitutional violation for conduct occurring after the death of Erin Rae Delew. The victims of the cover-up are the decedent's survivors, not the decedent. See Gibson v. City of Chicago, 910 F.2d 1510, 1523 (7th Cir.1990).

their claim, the Delews must demonstrate that the defendants' cover-up violated their right of access to the courts by rendering "any available state court remedy ineffective." *See id.* However, because the Delews' wrongful death action remains pending in state court, it is impossible to determine whether this has in fact occurred.

The district court additionally erred by holding that the Delews' conspiracy cover-up claim failed to state a claim for relief. In support of their conspiracy claim, the Delews allege that Janet Kathleen Wagner left the accident scene during the investigation and that the LVMPD and NHP officers permitted Wagner to do so. Construing these facts in a light most favorable to the Delews, it is reasonable to infer an understanding between Wagner and the officers to cover-up the true facts of Erin Rae Delew's death and thereby deprive the Delews of their right of access to the courts. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605–06, 26 L.Ed.2d 142 (1970) (in order to satisfy color of state law requirement under civil conspiracy theory, plaintiff need only have shown that there was an understanding between civilian and officers to deprive plaintiff of her rights).

We conclude that the district court should have recognized the cognizability of the Delews' claims and dismissed their complaint without prejudice. By disposing of the case in this fashion, the Delews would have the opportunity to re-file their section 1983 action if in fact the defendants' alleged cover-up actually rendered all state court remedies ineffective. We therefore remand with instructions to dismiss the Delews' section 1983 complaint without prejudice.

We further conclude that the district court erred in its ruling that the Delews split their causes of action by bringing a state wrongful death action and a separate action under 42 U.S.C. § 1983. The Nevada state court effectively split the Delews' causes of action by denying their motion to join the two actions in one proceeding. The rule concerning claim splitting is not applicable here. *See Smith v. Hutchins,* 93 Nev. 431, 432–33, 566 P.2d 1136 (1977).

REVERSED and REMANDED.