**Jared EJIGU, Plaintiff—Appellant,**

v.

**CITY OF LOS ANGELES; et al., Defendants—Appellees.**

No. 07–55481.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2008.

Filed July 21, 2008.

Silverman, Circuit Judge, filed dissenting opinion.

Donald W. Cook, Esq., Mann & Cook, Los Angeles, CA, for Plaintiff–Appellant.

Blithe S. Bock, Esq., Rockard J. Delgadillo, Esq., Los Angeles City Attorney's Office, Los Angeles, CA, for Defendant–Appellee.

Before: SILVERMAN, RAWLINSON, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Jared Ejigu appeals the district court's judgment on the pleadings in his second 42 U.S.C. § 1983 action alleging that defendants' attempted cover-up during the first action caused him to inadequately settle his first action and denied him access to the courts. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Kotrous v. Goss–Jewett Co. of N. Cal.*, 523 F.3d 924, 929 (9th Cir.2008). We affirm.

■■■ Ejigu argues that the district court erred by holding that he could not prove that the alleged cover-up caused any constitutional violation. To prevail on his claim, Ejigu must establish that the city defendants' alleged cover-up caused him to lose or inadequately settle his prior meritorious action. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 625 (9th Cir.1988); *Dooley v. Reiss*, 736 F.2d 1392, 1394–95 (9th Cir.1984). The record in the first action [1] establishes that Ejigu's own lack of diligence in conducting discovery prevented him from amending the complaint to name the proper officer defendants. Although the City was not diligent in identifying the officers in the photograph, Ejigu waited until the end of discovery to depose any defendants. As soon as Ejigu deposed the first police officer, that officer identified the officers in Ejigu's photograph. Had Ejigu deposed the officer six months earlier when he learned the officer's identity from the report disclosed by defendants, he could have conducted further discovery and amended the complaint to add the proper officers to the action. Thus, Ejigu cannot establish the required causal link to prove his access to the courts claim, and the district court properly entered judgment for the defendants in this action.

Because we affirm on this ground, we decline to consider the parties' alternative arguments.

AFFIRMED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court properly took judicial notice of the record in the prior action. *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

SILVERMAN, Circuit Judge, dissenting:

A district court may not grant a motion for judgment on the pleadings unless the pleadings themselves establish that the plaintiff is entitled to judgment as a matter of law. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,* 522 F.3d 1049, 1054 (9th Cir.2008). The gist of plaintiff's complaint is that he was forced to take a significantly lower settlement than one to which he was entitled because the city engaged in an egregious coverup of the identity of the officers involved in the underlying event. The plaintiff's allegations state a cause of action. *Delew v. Wagner,* 143 F.3d 1219, 1222–23 (9th Cir.1998); *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 625 (9th Cir.1988). In my view, it does not matter that the plaintiff uncovered the city's misconduct before he settled *if* he can prove that the misconduct was a significant cause of the reduced settlement. Indeed, plaintiff's access-to-the-court claim could not have been brought, or even considered ripe, before the settlement was reached because, until then, the damage had not yet been done. *Id.*

And while plaintiff's counsel may have contributed to the problem by not undertaking certain discovery sooner, that fact does not absolve the city of its responsibility for concealing the identity of its officers, if that is what the city did. It is not inconceivable that the city's alleged actions—*and* plaintiff's tardiness in uncovering them—*jointly* caused the damage of which plaintiff now complains. That might affect the amount of damages to which the plaintiff may be entitled, but does not give the city a free pass. This issue cannot be resolved in a judgment on the pleadings where the alleged facts are presumed to be true.

The district court did not reach the question of whether the settlement agreement released the current claims, so neither should we. I would reverse the granting of judgment on the pleadings and allow the case to proceed. On remand, the parties would be entitled to litigate, inter alia, whether the settlement agreement extinguished the present claim, or whether it released only the torts allegedly committed at Sunset and Highland on February 15, 2003. The district court should get first crack at passing on the scope of the release.