**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RA MEDICAL SYSTEMS, INC.,
a California corporation,

         Plaintiff-counter-defendant -
         Appellee,

  v.

PHOTOMEDEX, INC.,
a Delaware corporation,

         Defendant-counter-claimant -
         Appellant,

DEAN STEWART IRWIN, an individual,

         Counter-defendant - Appellee.

No. 08-56477

D.C. No. CV-06-01479-JLS-CAB

MEMORANDUM [*]

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted June 4, 2009
Pasadena, California

Before: W. FLETCHER, CLIFTON and M. SMITH, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

PhotoMedex, Inc. appeals the district court's dismissal of its Lanham Act and California state law misappropriation of trade secrets, unfair competition, and false advertising counterclaims against Dean Stewart Irwin and Ra Medical Systems, Inc. (collectively "Ra Medical"). The court held (1) the misappropriation of trade secrets claim and the other claims based on allegations of such misappropriation were barred by the statute of limitations; (2) pursuant to its summary judgment decision in PhotoMedex's first federal action, before us on appeal in Case No. 07-56672, PhotoMedex lacked standing to bring its claims that Ra Medical misrepresented the Pharos's FDA clearance status; (3) allegations of misrepresentations unrelated to FDA clearance did not satisfy Rule 8 pleading requirements; and (4) the claim Ra Medical manufactured the Pharos without a California license could not be asserted since PhotoMedex did not amend its complaint to add this claim in its first federal action. The district court issued a Rule 54(b) certification of final judgment for its dismissal order, and we have jurisdiction under 28 U.S.C. § 1291. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 & n.1 (9th Cir. 1997) (en banc) (holding claims dismissed with leave to

amend require a final order to be appealable). We vacate the district court's

dismissal on all the claims that are not based on FDA clearance allegations.[1]

As Ra Medical concedes, California's Unfair Competition Law ("UCL")

four-year statute of limitations "applies even if the borrowed statute has a shorter

limitations statute." *Blanks v. Shaw*, 89 Cal. Rptr. 3d 710, 731 (Cal. App. 2009);

*see also Cortez v. Purolator Air Filtration Prods. Co.*, 999 P.2d 706, 716 (Cal.

2000) ("*Any* action on *any* UCL cause of action is subject to the four-year period of

limitations created by that section."). Accordingly, PhotoMedex's UCL claim

premised on misappropriation of trade secrets was timely filed. *See Trotter v. Int'l*

*Longshoremen's & Warehousemen's Union*, 704 F.2d 1141, 1143 (9th Cir. 1983)

(noting that under California law a statute of limitations is suspended or tolled for

defendant's then unbarred counterclaims upon plaintiff's filing the complaint).

PhotoMedex's trade secret misappropriation claim was also prematurely

dismissed. PhotoMedex alleged in its complaint that it did not learn of the

---

[1] In its opening brief, PhotoMedex chose to merely reference the arguments
it made in Case No. 07-56672 regarding its claims based on FDA clearance
misrepresentations. In our separate opinion for that case filed concurrently with
this disposition, we affirm the district court's holding that PhotoMedex's FDA
clearance claims are precluded. The claims precluded there are precluded here, and
any FDA clearance related arguments not raised by PhotoMedex in that appeal are
waived. *See, e.g.*, *Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033
(9th Cir. 2008) (stating arguments not raised by a party in its opening brief are
deemed waived).

misappropriation until it obtained and analyzed the Pharos in 2006. We find

sufficient evidence from judicially noticeable court records that Ra Medical may

have hid any misappropriation by denying that the design plan for the Pharos had

been finalized at the time of PhotoMedex's 2003 lawsuit.[2] PhotoMedex was

entitled to rely on any misrepresentations Ra Medical may have made in obscuring

its cause of action. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040 (9th

Cir. 2003) ("[T]he recipient of a fraudulent misrepresentation of fact is justified in

relying upon its truth, although he might have ascertained the falsity of the

representation had he undertaken an investigation." (internal quotation marks

omitted)); *Weatherly v. Universal Music Publ'g Group*, 23 Cal. Rptr. 3d 157, 162

(Cal. Ct. App. 2004) ("[A] defendant cannot hinder the plaintiff's discovery

through misrepresentations and then fault the plaintiff for failing to investigate.").

And even if PhotoMedex suspected trade secret misappropriation in 2002,

---

[2] PhotoMedex's complaint appeared timely on its face so it was not required to specifically plead facts supporting its statute of limitations defenses, which Ra Medical was on notice of regardless. *See, e.g., Spray, Gould & Bowers v. Associated Int'l Ins. Co.*, 84 Cal. Rptr. 2d 552, 555 n.4 (Cal. Ct. App. 1999) (deciding the plaintiff was not required to plead facts to avoid a timeliness bar since "the limitations defense is not shown on the face of the . . . complaint"); *Ateeq v. Najor*, 19 Cal. Rptr. 2d 320, 324 (Cal. Ct. App. 1993) (permitting the plaintiff to claim estoppel for the first time in his response to the defendant's motion for judgment because the "complaint did not clearly indicate the statute of limitations would have run").

"[w]here a plaintiff suspects the truth but investigates unsuccessfully, fraudulent concealment will toll the statute." *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1475 (9th Cir. 1994). Viewing the court filings and facts alleged in its counterclaim in the light most favorable to PhotoMedex, we conclude PhotoMedex "may be able to prove a set of facts under which this action would be timely." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.").

Under the applicable liberal notice pleading standards of Rule 8 of the Federal Rules of Civil Procedure, PhotoMedex adequately alleges facts to support all elements of its Lanham Act and state law claims.[3] *See Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053-54 (9th Cir. 2008) (determining the plaintiff sufficiently alleged facts to support its Lanham Act claim when it listed particular statements constituting false or misleading statements of fact); *Skaff v.*

_____

[3] Ra Medical waived the claim that Rule 9(b) should apply by failing to raise it before the district court. *See, e.g.*, *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1122 n.4 (9th Cir. 2009) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal . . . .").

*Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841-42 (9th Cir. 2007) (concluding the allegations made in a "succinct" complaint were adequate because "concerns about specificity in a complaint are normally handled by the array of discovery devices available to the defendant"). PhotoMedex's satisfaction of notice pleading requirements is highlighted by the fact Ra Medical's court filings and appellate brief "demonstrate that they had fair notice of what [PhotoMedex's] claims are and the grounds upon which they rest." *Lee v. City of Los Angeles*, 250 F.3d 668, 682 (9th Cir. 2001); *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990) (holding a complaint met Rule 8 requirements for an unfair competition claim when the defendant was actually put on notice of the claim).

The district court's denial of PhotoMedex's motion to consolidate renders the prohibition on claim splitting inapplicable here. *See Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (deciding the rule concerning claim splitting did not apply when the state court effectively split the causes of action by denying the plaintiffs' motion to join the two actions in one proceeding). Ra Medical's opposition to PhotoMedex's consolidation motion also justifies foregoing the general rule against splitting claims because we have repeatedly recognized "that where a defendant acquiesces in the split, the rule should be inapplicable."

*Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995); *see also Dodd v. Hood River County*, 59 F.3d 852, 862 (9th Cir. 1995) ("[C]onsent or tacit agreement is clear justification for splitting a claim."). Given the relevant litigation history, none of PhotoMedex's claims are barred by the doctrine of claim splitting.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; VACATED in part; and REMANDED for further proceedings.**