**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOHN HERNANDEZ and LESLIE SCALES,<br><br>  Plaintiffs - Appellants,<br><br> v.<br><br>KEVIN BROIN, individually and in his official capacity as Sheriff / Coroner of the County of Mendocino and COUNTY OF MENDOCINO,<br><br>  Defendants - Appellees. | No. 12-16622<br><br>D.C. No. 3:11-cv-02397-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Submitted July 9, 2014[**]
San Francisco, California

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiffs allege that Kevin Broin, the Mendocino County sheriff/coroner, denied them access to the courts by covering up the cause of their son's death. The district court granted Broin's motion for summary judgment, concluding plaintiffs did not show a genuine issue of fact as to whether Broin hid key facts, engaged in a cover-up, or otherwise denied plaintiffs access to the courts. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

A district court's order granting summary judgment is reviewed de novo to "determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Cameron v. Craig*, 713 F.3d 1012, 1018 (9th Cir. 2013) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc)).

"The Supreme Court held long ago that the right of access to the courts is a fundamental right protected by the Constitution." *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998) (citing *Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907)). To prevail on their claim, plaintiffs had to "demonstrate that the [alleged] cover-up violated their right of access to the courts by rendering

---

[1] The parties are familiar with the facts of the case, so we do not recite them here.

'any available state court remedy ineffective.'" *Id.* at 1223 (quoting *Swekel v. City of River Rouge*, 119 F.3d 1259, 1264 (6th Cir. 1997)).

Plaintiffs did not raise a genuine issue of fact about whether Broin's actions or inaction denied them access to the courts. Plaintiffs suspected their son had been poisoned shortly after he died. They collected water and vomit samples and knew about Remco's operations in the local area within a month after the death. Even if Broin failed to obtain and test samples for toxins, his handling of the investigation did not prevent plaintiffs from obtaining and testing their own samples.

Plaintiffs' allegation that Broin destroyed evidence in order to further a cover-up is unsupported. The record established the tissue specimens were kept for a year and destroyed by order of a deputy coroner during a routine purge. The water samples appear to have been destroyed in a similar manner. Even if Broin should have prevented their destruction, plaintiffs had their own water samples and had an opportunity to do their own testing. Plaintiffs were not prevented from filing their tort claim while the sheriff's department conducted its investigation. They received the preliminary autopsy report about a week after their son's death. Plaintiffs did not raise a genuine issue of fact about whether they relied on the sheriff's investigation, as evidenced by their refusal to entrust Broin with a vomit

3

sample.  We agree with the district court that the evidence showed plaintiffs formed a theory regarding the cause of their son's death early on.  Plaintiffs did not raise a genuine issue of fact about whether Broin prevented them from filing a timely tort claim.

**AFFIRMED.**