*Kern v. Contento et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-two.

PRESENT:

> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

EMILY KERN, as administrator of the Estate of RILEY PARKER KERN
and EMILY KERN, Individually,

> *Plaintiff-Appellant*,

> v.                                                                 No. 21-1672

POLICE CHIEF DANIEL CONTENTO, POLICE OFFICER IAN FOARD,
POLICE OFFICER JONATHAN E. MYERS, TOWN OF COEYMANS,

> *Defendants-Appellees*,

TRAVIS D. HAGEN, RAVENA CLUB INC., DBA SYCAMORE COUNTRY CLUB,

> *Defendants.*

_____

FOR APPELLANT:                    CLIFFORD S. NELSON, Law Office of
                                  Michael H. Joseph, PLLC, White Plains,
                                  NY.

FOR APPELLEES:                    CRYSTAL R. PECK, Bailey, Johnson &
                                  Peck, P.C., Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 26, 2021, is **AFFIRMED** in part and **REVERSED** in part, and the case is **REMANDED**.

Plaintiff-Appellant Emily Kern is the mother and administrator of the estate of Riley Kern, who died in 2018, at a tragically young age, after a motor vehicle collision in Ravena, New York, a village within the Town of Coeymans. In July 2020, Kern sued Defendants-Appellees Police Chief Daniel Contento, Police Officers Ian Foard and Jonathan Myers, and the Town of Coeymans (collectively, "the Town Defendants"), seeking relief under 42 U.S.C. § 1983. She alleges that, in violation of New York's Vehicle and Traffic Law ("VTL") § 603-a and her federal due process rights, the Town Defendants failed to conduct a mandatory field sobriety test and refused to collect evidence concerning the collision. She also alleges that individuals among them fabricated an element of the related police report concerning the presence of a witness. Kern also asserts that, by these failures and this fabrication, the Town's police officers violated her right of access to the courts, and that unconstitutional customs and practices of the Town of Coeymans entitle her to relief under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978).[1] In 2021, the district court granted the Town Defendants' motion to dismiss for failure to state a claim. Kern now appeals that decision. "We review de novo a district court's dismissal of a complaint under Rule 12(b)(6), accepting all of the complaint's factual allegations as true and drawing all reasonable

---

[1] Kern also asserted a claim for attorney's fees against the Town Defendants and state law claims against Hagen and the Sycamore Club. Those claims are not at issue in this appeal.

inferences in the plaintiff['s] favor." *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012).

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

1.　　　Procedural due process claim

Kern contends that she has a constitutionally protected property interest in the evidence that would have been derived from a proper police investigation of the fatal collision. She alleges that the Town Defendants wrongfully deprived her of that interest and are liable for damages as a result.

To state a plausible due process claim, Kern "must identify a property interest protected by the Due Process Clause." *Harrington v. County of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010). Anticipated benefits from a governmental source may be entitled to due process protections, but "'[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it.'" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). Two particular restrictions apply. First, the Supreme Court has ruled that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Id.* at 756. Second, "[a]n entitlement must also be individual in nature to qualify as a property interest protected by the Due Process Clause." *Harrington*, 607 F.3d at 34 (emphasis omitted). "Thus, where the 'intended beneficiaries' of a particular law 'are entirely generalized,' we have held that the law does not create a property interest protected by the Due Process Clause." *Id.* (quoting *West Farms Assocs. v. State Traffic Comm'n*, 951 F.2d 469, 472 (2d Cir. 1991)).

To support her claim, Kern relies primarily on VTL § 603-a. VTL § 603-a provides that, when a motor-vehicle accident results in serious injury or death, "the investigating officer *shall . . . request* that all operators of motor vehicles involved in such accident submit to field testing . . . provided there are reasonable grounds to believe such motor vehicle operator committed a serious traffic violation in the same accident." N.Y. Veh. & Traf. Law

3

§ 603-a(1)(b) (emphasis added). Citing this language and VTL § 603-a's legislative history, Kern submits that the statute's use of the word "shall" deprives investigating officers of all meaningful discretion regarding whether to test drivers involved in serious accidents, and that here, the law required the officers to conduct a sobriety test on the driver of the vehicle that hit her son. With regard to the individual entitlement, Kern asserts that the state legislature required sobriety testing under VTL § 603-a to allow victims of drunk driving, or their survivors, to hold intoxicated drivers accountable for their unlawful and dangerous conduct.

One may question whether, looking at its text as a whole and its proviso in particular, the statute confers so little discretion on investigating officers that it could create a protected entitlement that overcomes the first *Castle Rock* restriction. *See Castle Rock*, 545 U.S. at 756. Assuming without deciding that, as Kern contends, it does so, we nevertheless conclude that it does not create a constitutionally protected private property right in the victims or survivors of victims of drunk drivers. Rather, the statute confers a general benefit on the public at large. VTL § 603-a contains no indication of any legislative intent to provide a private right of action or to create an actionable right and does not describe with specificity an entitlement from which such a right could properly be inferred. Although comments made by legislators when enacting VTL § 603-a support the general proposition that field testing requirements were designed to help the state hold drunk drivers "fully accountable for their reckless actions," the comments do not describe an individualized mechanism for doing so or give any indication that legislators anticipated creating a constitutionally protected property interest. App'x at 11–12 (quoting comments of State Senator Pam Helming, a bill sponsor). Rather, the comments are more consistent with a general interest in public safety: VTL § 603-a "is about keeping our communities[] safe." *See id.* (quoting comments of State Senator Helming).[2]

---

[2] In addition, the "Purpose" section of the bill that would become VTL § 603-a explains that the field-testing amendment is intended "[t]o provide a mechanism for greater enforcement of driving while intoxicated and driving while ability impaired laws involving motor vehicle accidents." S.B. S7306, 2017–2018 Sess. (N.Y. 2018).

Our conclusion that VTL § 603-a created no private entitlement sufficient to support a due process-protected entitlement echoes our ruling in *Harrington v. County of Suffolk*, 607 F.3d 31 (2d Cir. 2010). In *Harrington*, we affirmed the dismissal of surviving parents' similar attempt to recover for the loss of their child. Like Kern, the plaintiffs in *Harrington* brought a procedural due process claim against the County on the theory that the defendants "violated their constitutional rights by failing to conduct an adequate investigation into a traffic accident that resulted in the death of plaintiffs' son." 607 F.3d at 32. The plaintiffs argued that a Suffolk County regulation mandating investigations into fatal accidents conferred on them a property interest protected by the Due Process Clause. *Id.* at 34. We disagreed, concluding that the "duty imposed by the Suffolk County Code runs to the public generally, and not to the individual victims of crime." *Id.* at 35.

Similarly, we believe that no such private interest is created here. We therefore affirm the district court's dismissal of Kern's due process claim.

2.    Access to the courts claim

Next, Kern challenges the district court's ruling that she failed to allege a viable claim for a loss of her right of access to the courts. "A plaintiff's 'constitutional right of access to the courts is violated where government officials obstruct legitimate efforts to seek judicial redress.'" *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017) (quoting *City of N.Y. v. Beretta U.S.A. Corp.*, 524 F.3d 384, 397 (2d Cir. 2008)). In general, claims alleging the loss of a right of access to the courts fall into two categories: so-called "forward-looking" and "backward-looking." In forward-looking claims, "plaintiffs may allege that 'systemic official action' frustrated their ability to file a suit." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). A backward-looking claim, in contrast, "covers claims not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future." *Christopher*, 536 U.S at 413–14. In a backward-looking claim, "[t]he official acts claimed to have denied access may allegedly have caused the loss or inadequate settlement of a meritorious case." *Id.* at 414. Kern's is of that nature: she alleges that the

5

Town Defendants' failure to investigate the collision caused her to lose the right to have a court adjudicate her claims against the driver of the other vehicle and the Sycamore Club.

In *Sousa*, we recognized the viability of forward-looking claims, but declined to decide whether to follow other circuits in recognizing a backward-looking claim because the plaintiff's claims fell outside the scope of that purported right. 702 F.3d at 128. Likewise, in this case, even if we were to recognize the viability of backward-looking claims, at this juncture Kern's claims would fall outside the scope of that purported right because a harm of the type generally associated with the claim has not yet occurred. Thus, as we have previously observed, a backward-looking claim would be available only if the alleged misconduct by the Town Defendants "caused the loss or inadequate settlement of a meritorious case" against Hagen and the Sycamore Club or otherwise "rendered hollow" Kern's right to seek redress. *Id.* (internal quotation marks omitted). Because Kern is actively litigating the state law claims underlying her access claim, what effect (if any) the alleged misconduct had on those underlying claims cannot now be determined.

Other circuits in similar cases have concluded that such backward-looking claims were unripe and ordered that they be dismissed without prejudice. *See Harer v. Casey*, 962 F.3d 299, 308–11 (7th Cir. 2020) (ordering dismissal without prejudice because denial of access claim is not ripe for judicial review where underlying lawsuit remains pending and further factual development is required); *Waller*, 922 F.3d at 601–03 (same); *Delew v. Wagner*, 143 F.3d 1219, 1222–23 (9th Cir. 1998) (same). We agree this is the best approach and conclude that Kern's access claim, if any, has not yet accrued.

We therefore reverse the district court's dismissal of the right-of-access claim and remand with instruction to dismiss the claim without prejudice. Should Kern replead a backward-looking access to the courts claim, the district court would then have the opportunity to assess its legal viability in the first instance.

3.     *Monell* claim

*Monell* creates a basis for imposing Section 1983 liability on a municipality when its "policy or custom" causes a "deprivation of rights protected by the Constitution." *Monell v.*

6

*Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, 694 (1978). To state a valid *Monell* claim, Kern must allege that she suffered such a deprivation. In light of the foregoing analysis, it is plain that the district court did not err in dismissing Kern's procedural due process claim against the Town of Coeymans under *Monell.* Because Kern failed to allege that she suffered a procedural due process violation, "there is no basis for holding the municipality liable." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013). However, to the extent that Kern asserts a *Monell* claim arising from her right-of-access claim, we conclude for the same reasons we have set forth above that the claim has not accrued, and we reverse and remand with instruction to dismiss the claim without prejudice.

\* \* \*

For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **REVERSED** in part and the case is **REMANDED** with instructions.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court