10-0740-cv
Carter v. Inc. Vill. of Ocean Beach

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of March, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSON,
> *Circuit Judges*,

―――――――――――――――――――――――――――――

EDWARD CARTER, FRANK FIORILLO, KEVIN LAMM, JOSEPH NOFI, and THOMAS SNYDER,

> *Plaintiffs-Appellants*,

> v.                                                        10-0740-cv

INCORPORATED VILLAGE OF OCEAN BEACH, JOSEPH C. LOEFFLER, JR., Mayor, individually and in his official capacity, NATALIE K. ROGERS, Former Mayor, individually and in her individual capacity, OCEAN BEACH POLICE DEPARTMENT, GEORGE B. HESSE, Acting Deputy Police Chief, individually and in his official capacity, SUFFOLK COUNTY POLICE DEPARTMENT, SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE, and ALISON SANCHEZ, individually and in her official capacity,

> *Defendants-Appellees*.

> and

SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE

> *Defendant*.

―――――――――――――――――――――――――――――

DOUGLAS H. WIGDOR (Andrew S. Goodstadt, Ariel Y. Graff *on the brief*), Thompson Wigdor & Gilly LLP, New York, New York *for Plaintiffs-Appellants.*

CHERYL F. KORMAN (Evan H. Krinick, Kenneth A. Novikoff, Merril S. Biscone, *on the brief)*, Rivkin Radler LLP, Uniondale, New York, *for Defendants-Appellees Incorporated Village of Ocean Beach, Joseph C. Loeffler, Jr., Mayor, Natalie K. Rogers, Former Mayor, and Ocean Beach Police Department.*

JAMES M. SKELLY (Kevin William Connolly, Karen M. Lager, *on the brief*) Marks, O'Neill, O'Brien & Courtney P.C., Elmsford, New York, *for Defendant-Appellee George B. Hesse.*

ARLENE ZWILLINGS (Rudolophe M. Baptiste *on the brief*) Assistant County Attorneys *for* Christine Malafi, Suffolk County Attorney, Hauppage, New York, *for Defendants-Appellees Suffolk County, Suffolk County Police Department, Suffolk County Department of Civil Service, and Alison Sanchez.*

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*)

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants Edward Carter, Frank Fiorillo, Kevin Lamm, Joseph Nofi, and Thomas Snyder appeal from the district court's February 19, 2010 Opinion & Order granting summary judgment on all of plaintiffs' claims which stem from their one-time employment as seasonal police officers by defendant-appellee Ocean Beach Police Department. Plaintiffs allege that they were unlawfully terminated without adequate process and in retaliation for reporting misconduct within the department in violation of the First, Fifth, and Fourteenth Amendments. They further claim that ensuing derogatory statements made about them by defendants-appellees George B. Hesse and Alison Sanchez similarly violated their Fifth and Fourteenth Amendment rights. The district court found that all of plaintiffs' claims failed as a matter of law, concluding, first, that plaintiffs did not

2

engage in "constitutionally protected speech" and thus could not establish First Amendment claims, and, further, that they had not suffered a deprivation of either a protected liberty or property interest. On appeal, plaintiffs contend the district court erred in so doing when, at the very least, issues of material fact remain in dispute with respect to all of their claims. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, and revisit those issues only as necessary to facilitate this discussion.

We review a grant of summary judgment *de novo*, and in so doing, we construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 427 (2d Cir. 2009); *Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007). Summary judgment is warranted only where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009). "A fact is material when it might affect the outcome of the suit under governing law." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted).

As noted, plaintiffs each raise three claims: (1) a First Amendment retaliation claim, (2) a Fifth and Fourteenth Amendment denial of due process claim based on plaintiffs' asserted property interest in continued employment, and (3) a Fifth and Fourteenth Amendment denial of due process claim based on plaintiffs' asserted liberty interest in remaining free of the "stigma" caused by defendants' derogatory statements. We review each set of claims in turn.

To state a First Amendment retaliation claim, a plaintiff must establish (1) that he "engaged in constitutionally protected speech," (2) that he or she suffered an adverse employment action; and (3) that the constitutionally protected speech was a "motivating factor" in the adverse employment

3

action.  *Skehan v. Vill. of Mamaroneck*, 465 F.3d 96, 106 (2d Cir. 2006).  The first element requires us to evaluate whether the employee spoke as a "citizen on a matter of public concern," and, if so, whether the relevant government entity lacked "an adequate justification for treating the employee differently from any other member of the general public."  *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006); *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008).  The district court found that, even if plaintiffs' factual claims were credited in full, they established only that plaintiffs spoke "pursuant to their official duties" and thus "not . . . as citizens for First Amendment purposes."  *Garcetti*, 547 U.S. at 421.  We agree.

Plaintiffs' allegations establish no more than that they reported what they believed to be misconduct by a supervisor up the chain of command—misconduct they knew of only by virtue of their jobs as police officers and which they reported as "part-and-parcel of [their] concerns about [their] ability to properly execute [their] duties."  *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 203 (2d Cir. 2010); *see also Garcetti*, 547 U.S. at 421 ("speech that owes its existence to a public employee's professional responsibilities" is made "pursuant to" that employee's "official duties").  As such, they were not engaging in constitutionally protected speech at any relevant time and cannot make out a First Amendment claim.

Plaintiffs next contend they were deprived of a protected property interest without due process of law.  To state a claim for deprivation of property without due process of law, a plaintiff must, as a preliminary matter, "identify a property interest protected by the Due Process Clause." *Harrington v. Cnty of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010).  To demonstrate a property interest in public employment, the plaintiff must have "more than a unilateral expectation of" continued or future employment but instead "a legitimate claim of entitlement to it."  *Town of Castle Rock v.*

4

*Gonzales*, 545 U.S. 748, 756 (2005). Plaintiffs established no such "claim of entitlement" here. To the contrary, the record establishes that plaintiffs were all at-will, part-time, seasonal employees who had no contractual or other basis for asserting any "entitlement" to continued or future employment. Plaintiffs' reliance on section 75(1)(c) of New York's Civil Service Law, which requires a hearing before the termination of certain government employees who have "completed at least five years of continuous service," N.Y. Civ. Serv. L. § 75(1)(c), is misplaced. For substantially the reasons set forth by the district court, we conclude that no plaintiff was employed "continuously" for a five year period, and, accordingly, that section 75(1)(c) provides no support for plaintiffs' claims.

Finally, plaintiffs allege a so-called "stigma plus"deprivation. "'Stigma plus' refers to a claim brought for injury to one's reputation (the stigma) coupled with the deprivation of some 'tangible interest' or property right (the plus), without adequate process." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). Accordingly, to make out a stigma-plus claim, a plaintiff must establish that the government made public, stigmatizing comments about him – that is, "statements that call into question [the] plaintiff's good name, reputation, honor, or integrity" – and that such statements "were made concurrently with, or in close temporal relationship to, the plaintiff's dismissal from government employment." *Segal v. City of N.Y.*, 459 F.3d 207, 212 (2d Cir. 2006) (internal quotation marks, citation omitted).

The district court found that, even assuming a "deprivation" occurred here – that is, assuming plaintiffs could establish the "stigma" and the "plus" – the claims would nonetheless fail because plaintiffs were afforded "adequate process" in the form of a post-deprivation Article 78 hearing in state court. We agree. Where, as here, plaintiffs are "at will" government employees raising stigma-plus claims, our law makes clear that "due process does not require a pre-termination

5

hearing." *Segal*, 459 F.3d at 217. Instead, access to post-termination process, such as an Article 78 hearing, is sufficient to satisfy constitutional requirements. *Anemone v. Metro. Transp. Auth.*, -- F.3d. --, 2011 U.S. App. LEXIS 10, at * 69 (2d Cir. Jan. 4, 2011) ("An article 78 hearing provides the requisite post-deprivation process – even if [plaintiffs] failed to pursue it.") Accordingly, we agree with the district court that plaintiffs were afforded access to sufficient post-deprivation process to satisfy constitutional requirements and affirm the dismissal of the stigma-plus claims.

To the extent plaintiffs raise any other arguments, we have considered them and reject them as meritless. Accordingly, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk