11-1734-cv
*Matthews v. Blumenthal et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
         RAYMOND J. LOHIER, JR.,
         CHRISTOPHER F. DRONEY,
                  *Circuit Judges.*

---

ANDREW N. MATTHEWS, Sergeant,

                 *Plaintiff-Appellant*,

       -v.-                          11-1734-cv

EDWARD LYNCH, Col., CHRISTOPHER ARCIERO, Major, WILLIAM PODGORSKI, Lt., THOMAS DAVOREN, Col., JOHN DANNAHER, III, Commander,

                 *Defendants-Appellees,*

RICHARD BLUMENTHAL,

                 *Defendant.*

---

FOR APPELLANT:    JACQUES J. PARENTEAU, Madsen, Prestley & Parenteau, LLC, New London, Conn.

FOR APPELLEES:      JOHN P. SHEA, JR. (Zachary D. Schurin, *on the brief*), Sullivan, Schoen, Campane & Connon, LLC, Hartford, Conn.

Appeal from the United States District Court for the District of Connecticut (Eginton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Connecticut be **AFFIRMED**.

Appellant appeals from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*), which granted Appellees' motion for judgment on the pleadings on Appellant's First Amendment retaliation claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a judgment under Federal Rule of Civil Procedure 12(c) *de novo*, accepting the complaint's factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). To survive a Rule 12(c) motion, the complaint must state a plausible claim to relief. *Id.*

Determining whether public employee speech enjoys First Amendment protection "entails two inquiries: (1) 'whether the employee spoke as a citizen on a matter of public

2

concern' and, if so, (2) 'whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). If the public employee was not speaking as a citizen at the time of his speech, "the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." *Garcetti*, 547 U.S. at 418.

"'[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes.'" *Weintraub v. Bd. of Educ. of City Sch. Dist.*, 593 F.3d 196, 201 (2d Cir. 2010) (quoting *Garcetti*, 547 U.S. at 421). The inquiry into whether an employee spoke pursuant to his official duties is "practical." *Jackler v. Byrne*, 658 F.3d 225, 237 (2d Cir. 2011) (internal quotation marks omitted). Speech is made pursuant to an employee's official duties when it "owes its existence to [the employee's] professional responsibilities." *Weintraub*, 593 F.3d at 201 (internal quotation marks omitted). "[S]peech can be pursuant to a

3

public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer." *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 116 (2d Cir. 2011) (internal quotation marks omitted).

The district court did not err in concluding, based on the allegations in the complaint, that Appellant's speech was made pursuant to his official employment duties and not as a citizen. Appellant was an officer in the Connecticut State Police Internal Affairs unit. As such, according to the complaint, he was tasked with investigating police misconduct. In the course of performing his duties, he learned that the Connecticut State Police covered up officer misconduct, which included the commission of crimes, driving while intoxicated, and misuse of funds. Appellant's complaint further states that he disclosed this misconduct to the Connecticut Attorney General's Office, the Connecticut Auditors of Public Accounts, and the New York State Police, which was tasked with investigating misconduct in the Connecticut State Police. Appellees, superior officers in the Connecticut State Police, allegedly retaliated against Appellant for making these disclosures.

4

As a practical matter, Appellant's speech was made pursuant to his official duties. Importantly, he conceded at oral argument that, as an Internal Affairs officer, he had a broad responsibility to investigate and report police misconduct, including the misconduct alleged in the complaint. Thus, appellant's complaints to outside agencies were "part and parcel" of his ability to properly execute his duties-i.e., enforce the law and effectively combat police misconduct. *See, e.g.*, *Carter v. Inc. Vill. of Oak Beach*, 693 F. Supp. 2d 203, 211 (E.D.N.Y. 2010), *aff'd*, 415 F. App'x 290 (2d Cir. 2011). Appellant's additional concession at oral argument that he first reported the misconduct up his chain of command further supports our determination that he was acting pursuant to his employment duties.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**. Appellees' unopposed motion to strike dated October 5, 2011, is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5