09-3911-cv
Harrington v. County of Suffolk

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: May 20, 2010)                    Decided:  June 4, 2010)

Docket No. 09-3911-cv

THOMAS HARRINGTON, ANN MARIE HARRINGTON, as for and on behalf of Stephen Harrington,

*Plaintiffs-Appellants*,

v.

COUNTY OF SUFFOLK, SUFFOLK COUNTY POLICE DEPARTMENT, PO JOHN PHELAN, DET. JOSEPH MORAN, SGT. LAMB, DET. PACE, DET. DUROSKY, JOHN DOES 1-5, Suffolk County Police Officers and Detectives are sued in their Individual and Official Capacities,

*Defendants-Appellees.*\*

Before: CABRANES, KATZMANN, and CHIN, *Circuit Judges*:

Appeal from a judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*) dismissing plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Plaintiffs brought a claim pursuant to 42 U.S.C. § 1983 asserting that defendants deprived them of a property interest protected by the Due Process Clause of the Fourteenth Amendment by conducting an inadequate investigation into their son's fatal traffic accident.  We hold that plaintiffs have no property interest in an adequate police investigation. Affirmed.

---

\* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

Scott Michael Mishkin, Islandia, NY, *for Plaintiffs-Appellants*.

Arlene S. Zwilling, Assistant County Attorney (Christine, Malafi, Suffolk County Attorney, *on the brief*), Suffolk County Attorney's Office, Hauppauge, NY, *for Defendants-Appellees*.

José A. Cabranes, *Circuit Judge*:

The question presented is whether citizens of Suffolk County, New York, have a property interest protected by the Due Process Clause of the Fourteenth Amendment in adequate police investigations. Plaintiffs-appellants Thomas and Ann Marie Harrington ("plaintiffs") appeal from a judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*) dated August 18, 2009 dismissing their complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs claimed that defendants-appellees ("defendants") had violated their constitutional rights by failing to conduct an adequate investigation into a traffic accident that resulted in the death of plaintiffs' son.

We hold that the Suffolk County Code does not confer on plaintiffs a constitutionally protected property interest in an adequate police investigation. Although the complaint alleges police conduct that is far from satisfactory, it does not allege misconduct rising to the level of a violation of the United States Constitution. Plaintiffs may have legal remedies under New York state law, and they may, of course, pursue change in the Suffolk County Police Department through the political process. Plaintiffs' complaint, however, fails to state a claim under 42 U.S.C. § 1983. The judgment of the District Court is therefore **AFFIRMED**.

## BACKGROUND

This case arises from a tragic car accident occurring on October 11, 2006 in Brookhaven, New York. While driving at approximately 10:50 p.m., plaintiffs' son, Stephen Harrington, was

struck head-on by another vehicle, which Hebert Guillaume ("Guillaume") was driving. Stephen Harrington was pronounced dead at the scene of the accident.

Members of the Suffolk County Police Department, including defendants John Phelan, Stephen Moran, Sergeant Lamb, Detective Pace, Detective Durosky, and other police officers identified in the complaint as "John Does," responded to the scene of the accident. According to plaintiffs, the investigation that followed was inadequate in a number of respects. First, because of heavy rain, the responding officers allegedly conducted their investigation from a nearby diner rather than thoroughly combing the scene of the accident for evidence. Plaintiffs also allege that defendants, among other things, (1) failed to ascertain whether Guillaume had been under the influence of drugs or alcohol at the time of the accident, (2) failed to obtain a toxicology report, (3) failed to indicate in the police report that Guillaume was uninsured, and (4) improperly attributed the accident to weather conditions.

On January 30, 2008 plaintiffs initiated this lawsuit. They brought a federal claim, pursuant to 42 U.S.C. § 1983, for the deprivation of property and liberty interests without due process of law, along with negligence claims under New York law. Specifically, plaintiffs maintained that as a result of the above described conduct they were "deprived of their property interest" in receiving "adequate police services" and a "proper and adequate investigation of the accident." J.A. 20-21.

In a memorandum and order dated August 17, 2009, the District Court dismissed plaintiffs' complaint in its entirety. With respect to plaintiffs' federal claim, the District Court held that plaintiffs "failed to allege a cognizable 'liberty' or 'property' interest in connection with the alleged 'deliberately indifferent' and deficient police investigation, as required to state a claim for violation of their due process rights." *Harrington ex rel Harrington v. County of Suffolk*, No. CV 08-0433, 2009 WL 2567959, at *1 (E.D.N.Y. Aug. 17, 2009). The District Court further held that "even if [it] now

3

recognized such a right under the circumstances alleged, the individual defendants would be entitled to qualified immunity, as such right was not clearly established at the time of the individual defendants' alleged conduct." *Id.* Finally, the District Court declined, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over plaintiffs' remaining state law claims and therefore dismissed those claims without prejudice. *Id.* Plaintiffs timely commenced this appeal.

## DISCUSSION

We review *de novo* a district court's dismissal for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), assuming all well-pleaded, nonconclusory factual allegations in the complaint to be true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009).

Plaintiffs argue that the District Court erred in failing to recognize their property interest in an adequate police investigation.[1] They contend that such an interest arises under Suffolk County Code § C13-6, which provides as follows: "It shall be the duty of the Police Department to preserve the public peace, prevent crime, detect and arrest offenders, protect the rights of persons and property and enforce all laws and ordinances applicable to the county." Suffolk County, N.Y., Code § C13-6. In essence, they claim that this provision confers on the victims of crime (or the next of kin of victims) a property interest in a police investigation that conforms with certain minimal standards. We agree with the District Court that § C13-6 does not create a constitutionally protected property interest.

To state a claim for deprivation of property without due process of law, a plaintiff must

---

[1] Before the District Court, plaintiffs argued that they also had a liberty interest in an adequate police investigation under the New York Constitution. Plaintiffs have abandoned that theory on appeal and now claim only a property interest under the Suffolk County Code. *See Coalition on W. Valley Nuclear Wastes v. Chu*, 592 F.3d 306, 314 (2d Cir. 2009) ("'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" (quoting *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001))).

4

identify a property interest protected by the Due Process Clause. *See, e.g.*, *Taravella v. Town of Wolcott*, 599 F.3d 129, 133 (2d Cir. 2010); *West Farms Assocs. v. State Traffic Comm'n*, 951 F.2d 469, 472 (2d Cir. 1991). "'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Such entitlements are not created by the Constitution but, "[r]ather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* at 756; *accord West Farms*, 951 F.2d at 472. Although the substantive interest derives from an independent source such as state law, "*federal constitutional law* determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Castle Rock*, 545 U.S. at 757 (internal quotation marks omitted).

The Supreme Court has explained that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion," *id.* at 756, and that a "well established tradition of police discretion has long coexisted with" laws that apparently impose mandatory duties on police, *see id.* at 760. Accordingly, the Court has declared that "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Id.* at 768.

An entitlement must also be *individual* in nature to qualify as a property interest protected by the Due Process Clause. As the Supreme Court has explained, "[t]he hallmark of property . . . is an *individual* entitlement grounded in state law." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982) (emphasis added). Thus, where the "intended beneficiaries" of a particular law "are entirely generalized," we have held that the law does not create a property interest protected by the Due

5

Process Clause. *See West Farms*, 951 F.2d at 472-73 ("[U]niversal benefits are not property interests protected by the Due Process Clause.").

In light of those principles, we have no trouble concluding that plaintiffs do not have a protected property interest in an investigation into their son's death. First, the duty to investigate criminal acts (or possible criminal acts) almost always involves a significant level of law enforcement discretion. *See Castle Rock*, 545 U.S. at 760 (observing that "[i]n each and every state there are long-standing statutes that, by their terms, seem to preclude nonenforcement by the police" but that, "for a number of reasons, including their legislative history, insufficient resources, and sheer physical impossibility," such statutes "clearly do not mean that a police officer may not lawfully decline to make an arrest" (alteration and internal quotation marks omitted)). That discretion precludes any "legitimate claim of entitlement" to a police investigation. *See id.* at 756 (explaining that a discretionary benefit is not a protected entitlement); *cf. RRI Realty Corp. v. Inc. Vill. of Southampton*, 870 F.2d 911, 918 (2d Cir. 1989) ("[A]n entitlement does not arise simply because it is likely that broad discretion will be favorably exercised.").

Although the Suffolk County Code uses mandatory terminology to describe the duty of police departments, *see* Suffolk County, N.Y., Code § C13-6 (stating "[i]t *shall* be the duty . . ."(emphasis added)), the Supreme Court has held that similarly mandatory language creates no property interest. In *Castle Rock*, for example, the Court held that a state law providing that a "peace officer *shall* use every reasonable means to enforce a restraining order" did not confer on a restraining order's beneficiary a property interest in its enforcement. 545 U.S. at 761 (emphasis added) (noting that "a true mandate of police action would require some stronger indication from the [legislature]"); *cf. City of Chi. v. Morales*, 527 U.S. 41, 62 n.32 (1999) (noting that it "flies in the face of common sense" to suggest that use of the mandatory "shall" in an ordinance "affords the police

6

*no* discretion," and that "all police officers must use some discretion in deciding when and where to enforce city ordinances"). We conclude that, despite its use of the word "shall," the Suffolk County Code does not deprive police departments of discretion in enforcing the law or investigating possible criminal acts. Accordingly, it does not give plaintiffs or any other victim of crime "a legitimate claim of entitlement" to a police investigation, much less an investigation conforming with certain minimal standards. *See Roth*, 408 U.S. at 577.

Furthermore, we conclude that plaintiffs' claim fails for the independent reason that the duty imposed by the Suffolk County Code runs to the public generally, and not to the individual victims of crime. Section C13-6 refers to a general "duty" of police departments to maintain public order and safety, not a duty owed to any particular person or group. *See* Suffolk County, N.Y., Code § C13-6. As we have recognized, "[s]uch universal benefits are not property interests protected by the Due Process Clause." *West Farms*, 951 F.2d at 472 (holding that a state law providing interested parties with the right to intervene in licensing proceedings did not confer on those interested parties a protected property interest). Thus, in addition to its discretionary nature, we conclude that § C13-6 does not create an *individual entitlement* to a police investigation, and therefore cannot give rise to a constitutionally protected property interest. *See Logan*, 455 U.S. at 430.

**CONCLUSION**

Plaintiffs have alleged serious lapses in a police investigation of a fatal traffic accident. Although those allegations, if true, are troubling, not all wrongs committed by state actors rise to the level of a deprivation of rights that can be remedied under 42 U.S.C. § 1983. Whatever recourse may be available to plaintiffs here lies outside the federal courts.

To summarize, we hold that the Suffolk County Code does not create a constitutionally protected property interest in an adequate police investigation because (1) it confers a benefit that is

7

merely discretionary, and (2) it confers a benefit on the public generally, rather than creating an individual entitlement. Because plaintiffs have not alleged the deprivation of a constitutionally protected property interest, the judgment of the District Court is **AFFIRMED**.