10-4810-cv
Mordukhaev v. Daus

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of January, two thousand twelve.

Present:
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*
> ALVIN K. HELLERSTEIN,[*]
> > *District Judge.*

_____

Benjamin Mordukhaev, Individually and on behalf
of others similarly situated, *et al.*,

> *Plaintiffs-Appellants*,

> v.                                                                 No. 10-4810-cv

Matthew Daus, Raymond Scanlon, Carmena
Schwecke, The New York City Taxi and Limousine
Commission, The City of New York,

> *Defendants-Appellee*s.

_____

[*] The Honorable Alvin K. Hellerstein, District Judge for the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANTS:        DANIEL L. ACKMAN, Law Office of Daniel L. Ackman, New York, New York.

FOR APPELLEES:         SUSAN PAULSON, Assistant Corporation Counsel (Francis F. Caputo, Mark Muschenheim, *Of Counsel*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*). **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants were holders of taxicab licenses whose licenses were revoked for misconduct, and whose applications for new licenses were denied by the New York City Taxi and Limousine Commission ("TLC").[1] Plaintiffs brought a putative 42 U.S.C. § 1983 class action against the City of New York, the TLC, and various TLC officers ("Defendants"), alleging violations of their due process rights arising from the denial of their taxicab license applications. Plaintiff Mordukhaev also alleged, individually, that Defendants violated his procedural due process rights in revoking his taxicab license. Defendants moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in September 2010, the district court (Stein, *J.*) granted that motion, holding, *inter alia*, that Plaintiffs could not demonstrate a legitimate claim of entitlement to a future taxicab license, and that Mordukhaev was afforded adequate process incident to the revocation of his original license. Having dismissed all of Plaintiffs' federal claims, the court declined to exercise supplemental jurisdiction over Plaintiffs'

---

[1] After Plaintiffs-Appellants filed their complaint and amended complaints in 2009, Plaintiffs-Appellants Robert Dyce, Jorge Avila, and Mohammad Butt applied again for new taxicab licenses and the TLC granted their applications.

remaining state and city law claims. Plaintiffs timely appealed.[2] We assume the parties'

familiarity with the underlying facts, the procedural history of the case, and the issues on appeal,

and discuss these only where necessary to our decision.

"We review *de novo* a district court's dismissal for failure to state a claim, *see* Fed. R.

Civ. P. 12(b)(6), assuming all well-pleaded, nonconclusory factual allegations in the complaint

to be true." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010).

I.      Plaintiffs' Property Interest in a Future License

For Plaintiffs to prevail on their due process claims—whether procedural or

substantive—arising from the denial of their applications for taxicab licenses, they must first

demonstrate that they have a valid property interest in receiving a license. *See Harlen Assocs. v.*

*Inc. Vill. of Mineola*, 273 F.3d 494, 503 (2d Cir. 2001) (holding that proof of a substantive due

process violation requires (1) a valid property interest and (2) evidence that defendants infringed

on that interest in an arbitrary or irrational manner); *Local 342, Long Island Pub. Serv. Emps. v.*

*Town Bd. of the Town of Huntington*, 31 F.3d 1191, 1194 (2d Cir. 1994) (holding that proof of a

procedural due process violation requires (1) a valid property interest, (2) defendants' denial of

that interest, and (3) evidence that the denial was effected without due process); *see also*

*Narumanchi v. Bd. of Trs. of Conn. State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988) ("The threshold

issue is always whether the plaintiff has a property or liberty interest protected by the

Constitution.").

---

[2] Based on its grant of Defendants' motion to dismiss, the court denied Plaintiffs' then-pending motions for summary judgment as moot. Following the entry of judgment, the court also denied Plaintiffs' motion for reconsideration. On appeal, Plaintiffs do not challenge any of these decisions, which we, therefore, decline to consider. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (issues not argued on appeal are deemed abandoned).

3

"'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire' and 'more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005) (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (2005)); *cf. Zahra v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995) ("This inquiry stems from the view that a property interest can sometimes exist in what is *sought*—in addition to the property interest that exists in what is *owned*—provided there is a 'legitimate claim of entitlement' to the benefit in question."). "Such entitlements are not created by the Constitution but, '[r]ather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Harrington*, 607 F.3d at 34 (quoting *Town of Castle Rock*, 545 U.S. at 756). Nevertheless, "[a]lthough the substantive interest derives from . . . state law, federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Id.* (internal quotation marks and emphasis omitted).

"A 'legitimate claim of entitlement' exists where, under applicable state law, 'absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted.'" *Clubside, Inc. v. Valentin*, 468 F.3d 144, 153 (2d Cir. 2006) (quoting *Walz v. Town of Smithtown*, 46 F.3d 162, 168 (2d Cir. 1995)); *accord Yale Auto Parts, Inc. v. Johnson*, 758 F.2d 54, 59 (2d Cir. 1985). As a general rule, therefore, the existence of an "entitlement turns on whether the issuing authority lacks discretion to deny [the benefit], *i.e.*, is required to issue it upon ascertainment that certain objectively ascertainable criteria have been met." *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999); *see Town of Castle Rock*, 545 U.S. at 756 ("[A] benefit is not a protected entitlement if government officials may

4

grant or deny it in their discretion."); *RRI Realty Corp. v. Inc. Vill. of Southampton*, 870 F.2d 911, 918 (2d Cir. 1989) ("Even if in a particular case, objective observers would estimate that the probability of issuance was extremely high, the opportunity of the local agency to deny issuance suffices to defeat the existence of a federally protected property interest."). "[T]his standard appropriately balances the need for local autonomy, with recognition of constitutional protection at the very outer margins of municipal behavior. . . . It also recognizes that the Due Process Clause does not function as a general overseer of arbitrariness in state and local . . . decisions; in our federal system, this is the province of the state courts." *Zahra*, 48 F.3d at 680.

Here, Plaintiffs maintain that they have a legitimate claim of entitlement to a future taxicab license because the TLC lacks discretion to deny a license given the purportedly objective requirements for eligibility. We disagree. Review of the relevant statutory and regulatory framework confirms that the TLC retains significant discretion to deny a license based on subjective criteria. Foremost among these is the requirement that applicants for a license demonstrate "good moral character." N.Y.C. Admin Code § 19-505(b)(5). The TLC also has discretion to determine whether an applicant's "physical condition" or "knowledge of the city" is "unsatisfactory," *id.*, § 19-505(d), and other provisions provide that the TLC "may" renew a license or suspend or revoke a license, *id.* § 19-505(i), and that it "may" direct applicants to appear for fitness hearings, after which the TLC Chairperson "may accept, reject, or modify [the Administrative Law Judge's] Recommendation," 35 Rules of the City of New York § 8-15. Nothing in § 19-505(b) provides an objective standard for the TLC to evaluate an applicant's character, and a review of the TLC's decisions denying Plaintiffs' license applications indicates that the TLC's assessment of this requirement is highly subjective. In the cases before us, Plaintiffs' applications were denied for, *inter alia*, lack of candor or honesty,

5

poor driving record, insufficient evidence of rehabilitation, and insufficient evidence that the applicant could be trusted to follow TLC rules and regulations—all aspects of an applicant's fitness and moral character. In prior cases, we have held that the existence of similarly subjective criteria by which to determine a plaintiff's eligibility for a benefit demonstrated that the municipal body retained sufficient discretion to negate plaintiff's legitimate claim of entitlement. *Compare Harlen Assocs.*, 273 F.3d at 504-05 (rejecting plaintiff's due process claim because the municipal body retained discretion to deny a building permit based on its determination of countervailing community interests); *Sanitation & Recycling Indus., Inc. v. City of New York*, 107 F.3d 985, 995 (2d Cir. 1997) (holding that the municipal body's "discretion to decide whether or not to grant a waiver . . . precludes any legitimate claim of entitlement"), *with Kapps v. Wing*, 404 F.3d 105, 114-18 (2d Cir. 2005) (holding that plaintiffs had a legitimate claim of entitlement to the benefits sought given the "mandatory statutory and regulatory framework" and the absence of "discretionary factors" to determine benefit eligibility); *Charry v. Hall*, 709 F.2d 139, 140-42, 144 (2d Cir. 1983) (holding that plaintiff had a legitimate claim of entitlement because he had satisfied all of the objective statutory requirements). We see no reason to reach a different conclusion here.

Accordingly, because the TLC has discretion to grant or deny a taxicab license application, there is neither a certainty nor a very strong likelihood that any given application will be granted. *See Clubside*, 468 F.3d at 153. Plaintiffs cannot, therefore, demonstrate a legitimate claim of entitlement to a license, and their due process claims arising from the denial of their license applications necessarily fail as a matter of law. *See Narumanchi*, 850 F.2d at 72.

6

II.     Mordukhaev's Challenge to His License Revocation

Mordukhaev challenges the district court's dismissal of his procedural due process claim based on the revocation of his taxicab license in January 2007. He contends that he was denied adequate pre-deprivation process because the notice of hearing he received did not sufficiently describe his offending conduct and because he was not permitted to cross-examine the complaining witness, who did not appear at the pre-deprivation hearing. We conclude that the revocation of Mordukhaev's license comported with due process.

Unlike Plaintiffs' expectation in receiving a future license, it is undisputed that Mordukhaev has a valid property interest in his existing license and is thus entitled to procedural due process incident to the revocation of that license. *See Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) ("[A] taxi driver has a protected property interest in his license." (internal quotation marks omitted)). In the present circumstances, "procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to [the deprivation of the protected interest], so long as a full adversarial hearing is provided afterwards." *Locurto v. Safir*, 264 F.3d 154, 171 (2d Cir. 2001). The pre-deprivation hearing "need not be elaborate," however, nor must it "definitively resolve the propriety of the [deprivation]." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545 (1985); *see id.* at 544-46 (holding that a pre-deprivation hearing serves as "an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the [plaintiff] are true and support the proposed action").

Here, the pre-deprivation hearing satisfied these basic requirements. It afforded Mordukhaev notice of the charges against him, an explanation of the evidence supporting those charges, and an opportunity for him to present his version of the events. *See id.* at 546

7

(identifying these elements as fundamental to pre-deprivation process). And in any event, Mordukhaev was afforded sufficient post-deprivation process. After the Administrative Law Judge ("ALJ") revoked Mordukhaev's license, Mordukhaev filed a counseled appeal of that decision to the TLC's Chief ALJ, raising the very same issues he now advances in this appeal. That appeal was denied, but significantly, Mordukhaev did not pursue his challenge further via an Article 78 proceeding. In similar circumstances, we have held that the availability of an Article 78 proceeding to challenge any alleged deficiencies in an administrative adjudication is sufficient to satisfy due process. *See Locurto*, 264 F.3d at 173-75 (holding that an Article 78 proceeding constitutes "wholly adequate post-deprivation" process); *accord Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 467 (2d Cir. 2006); *see also id.* at 468 n.12 ("[A] procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies." (internal quotation marks omitted)). Therefore, while Mordukhaev did not avail himself of an Article 78 proceeding, the existence of that proceeding confirms that state law afforded him adequate process to defeat his constitutional claim.

Because we affirm the district court's dismissal of Plaintiffs' federal claims, we also affirm the district court's decision declining to exercise supplemental jurisdiction over Plaintiffs state and city law claims. *See Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994).

We have considered all of Plaintiffs' remaining arguments and find them to be without

merit.[2]  The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]  Although we conclude that Plaintiffs cannot, as a matter of law, prevail on the merits of their federal claims, as to their assertion that the district court erred by dismissing the TLC as a party, we reiterate that "[i]t is well settled in this Court that, as a general matter, agencies of New York City are not suable entities in § 1983 actions." *Nnebe*, 644 F.3d at 158 n.6 (citing *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007)).  Nevertheless, this rule is often "of no practical consequence . . . [because] the TLC must abide by any relief ordered against the City of which it is a non-severable part."  *Id.*