21-1824-cv
*Marvin v. Orange Cnty. Dep't of Soc. Servs. et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-two.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
>
> > *Circuit Judges.*

---

Mark Marvin,

> *Plaintiff-Appellant*,

> v.                                                                 21-1824-cv

Martha Peldunas, Darcie M. Miller, Commissioner, County of Orange,

> *Defendants-Appellees*,

Orange County Department of Social Services,

> *Defendant*.

---

FOR PLAINTIFF-APPELLANT:          Mark Marvin, *pro se*, Walden, NY.

FOR DEFENDANTS-APPELLEES:          Matthew J. Nothnagle, Orange County Attorney's Office, Goshen, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Mark Marvin, proceeding *pro se*, appeals the district court's judgment dismissing his complaint brought pursuant to 42 U.S.C. § 1983 for alleged violations of his Fourth, Fifth, and Fourteenth Amendment rights in connection with his attempt to renew his Medicaid medical coverage. In particular, he claims that he was deprived of due process when an Administrative Law Judge ("ALJ") denied renewal of Medicaid Medical Coverage because he had not applied for Social Security payments for which he was eligible. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (per curiam). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, as here, we review a *pro se* complaint with "special solicitude," interpreting it "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations adopted and quotation marks omitted).

The Fifth Amendment's Due Process Clause states that no person shall "be deprived of life, liberty, or property, without due process of law," and the Fourteenth Amendment's Due Process Clause mirrors this language. U.S. Const. amends. V, XIV § 1. Procedural due process

2

requires "that a deprivation of life, liberty, or property be preceded by notice and opportunity for [a] hearing appropriate to the nature of the case." *Chase Grp. All. LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). To state a claim based on a procedural due process violation, Marvin must first establish that he enjoyed a protected property interest. *See Harrington v. County of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010).

Assuming, as the district court did, that Marvin had a property interest in his Medicaid benefits, *see Bellin v. Zucker*, 6 F.4th 463, 474–82 (2d Cir. 2021), his due process claim nevertheless fails because he received adequate process to protect his rights. "[I]n evaluating what process satisfies the Due Process Clause, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (internal quotation marks omitted). Marvin's claim likely falls into the former category, since the denial of his Medicaid benefits was based on the application of a state regulation that required Medicaid applicants to pursue all potentially available resources, and Marvin had not sought Social Security retirement benefits for which he was eligible. *See* N.Y. Comp. Codes R. & Regs. tit. 18, § 360-2.3(c)(1) (2022) (outlining financial eligibility requirements); *see also* 42 C.F.R. § 435.608(a) (outlining a similar requirement under federal regulations). However, we need not resolve that issue because no matter how Marvin's claim is characterized, the process he received was adequate. *See Rivera-Powell*, 470 F.3d at 466 (declining to decide whether defendant's conduct was pursuant to established procedures or random because, regardless, it provided adequate process).

Marvin was afforded an opportunity to challenge the denial of Medicaid benefits through a fair hearing held before an ALJ. He could have sought review of the ALJ's unfavorable decision in an Article 78 proceeding, but ultimately did not do so. *See* N.Y. C.P.L.R. §§ 7803, 7804; N.Y. Soc. Serv. Law § 22(9)(b). An Article 78 proceeding was sufficient process to protect Marvin's rights. *See Harris v. Mills*, 572 F.3d 66, 76 (2d Cir. 2009) (holding that, however a due process claim is characterized, "notice and an opportunity to be heard" before the alleged deprivation, "coupled with the Article 78 post-deprivation remedy, is enough to satisfy due process"). Because Marvin failed to avail himself of an Article 78 proceeding, his due process claim fails.[1]

Marvin also suggests that the denial of Medicaid benefits has deprived him of his ability to receive Social Security payments at the time of his choosing. We disagree. There is no guaranteed right to receive Medicaid benefits while also delaying receipt of Social Security benefits. As noted above, the relevant rules and regulations explicitly condition Medicaid eligibility on the applicant pursuing "any potential income and resources that may be available." N.Y. Comp. Codes R. & Regs. tit. 18 § 360-2.3(c)(1); *see also* 42 C.F.R. § 435.608(a) (conditioning eligibility on applicants taking "all necessary steps to obtain any annuities, pensions, retirement, and disability benefits to which they are entitled . . ."). Those rules may present Marvin with a difficult choice between maintaining his Medicaid eligibility and continuing to delay receipt of his Social Security benefits—but he still retained the right, if he so chose, to delay receipt of those benefits. But Medicaid benefits are not available to persons who have access to

---

[1] To the extent Marvin challenges dismissal of his *Monell* claim against the Orange County Department of Social Services, there is no municipal liability where, as here, there is no underlying violation. *See Matican v. City of New York*, 524 F.3d 151, 154 (2d. Cir. 2008). As to Marvin's assertion that denial of his Medicaid benefits constituted an unconstitutional seizure, the district court properly determined that denial of his government benefit did not implicate the Fourth Amendment.

Social Security benefits to pay potential medical expenses, but choose not to take advantage of those benefits.

*      *      *

We have considered Marvin's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court