22-2040-cv
White v. Renzi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

Dyanna M. White,

> > *Plaintiff-Appellant,*

> v.                                                        **22-2040**

Judge Eugene Renzi, in his individual and official capacity, Judge Peter Schwerzmann, in his individual and

**official capacity, Attorney Michael Young, in his individual and official capacity, Attorney (Retired) Arthur Stever, III, in his individual and official capacity, Police Officer Michael Maney, in his individual and official capacity,**

*Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Dyanna M. White, pro se, Providence, RI. |
| **FOR DEFENDANT-APPELLEE YOUNG:** | Arthur J. Liederman, Erin Cain, Morrison Mahoney LLP, New York, NY. |
| **FOR OTHER DEFENDANTS-APPELLEES:** | Jonathan B. Fellows, Bond, Schoeneck & King, PLLC, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is

**AFFIRMED**.

Appellant Dyanna M. White, proceeding pro se, appeals the district court's dismissal of her 42 U.S.C. § 1983 civil rights complaint. White sued the defendants—two surrogate court judges, two lawyers, and a police officer—for violating her rights by conspiring against her in legal proceedings to resolve her father's estate. The district court dismissed her amended complaint because the judges were entitled to judicial immunity, the lawyers were not acting under color of state law, and the officer was not constitutionally required to pursue an investigation on White's behalf, and denied further leave to amend as futile. *See White v. Renzi*, No. 5:22-CV-370, 2022 WL 3646825, at *6–10, 12 (N.D.N.Y. Aug. 24, 2022). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review a dismissal for failure to state a claim de novo. *See Vengalattore v. Cornell Univ.*, 36 F.4th 87, 101 (2d Cir. 2022). In conducting this review, we assume all well-pleaded allegations in the operative complaint are true and draw every reasonable inference in the plaintiff's favor. *N.Y. Pet Welfare Ass'n, Inc. v.*

3

*City of New York*, 850 F.3d 79, 86 (2d Cir. 2017). While pro se filings "must be construed liberally and interpreted to raise the strongest arguments that they suggest," a pro se complaint must still state a "plausible claim for relief" to survive a Rule 12(b)(6) motion to dismiss. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam) (internal quotation marks and citations omitted).

**I.      State Action and Private Attorneys**

Regarding White's claims against the attorney defendants, we agree with the district court that White's complaint failed to demonstrate that they were acting under color of state law. *See* 42 U.S.C. § 1983; *Meadows*, 963 F.3d at 243. A private entity acts under color of state law for purposes of § 1983 when "(1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']." *McGugan v. Aldana-Barrier*, 752 F.3d 224, 229 (2d Cir. 2014) (quoting *Hogan v. A.O. Fox Memorial Hosp.*, 346 Fed. App'x. 627, 629 (2d Cir. 2009)) (alterations in original).

4

White has not satisfied any of these tests. Because White did not allege that any state actors compelled the attorney defendants to act, or that working as an attorney is an activity traditionally within the exclusive prerogative of the State, her allegations did not suffice under either the compulsion or public function tests.

White otherwise failed to allege the "meeting of the minds" element of a conspiracy claim because her allegations of such an agreement are not sufficiently detailed or plausible, thereby falling short under the joint action test. *See Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 154–55 (2d Cir. 2006); *see also Tower v. Glover*, 467 U.S. 914, 920 (1984); *Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002). For attorney Stever, she alleges that because both he and Officer Maney misstated the same person's name in the same way they must have met. However, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). And even if they did meet, White has not alleged that

5

they agreed to act in concert to violate White's constitutional rights.

For attorney Young, she alleges that he conspired with defendant Judge Renzi at a court hearing White was unaware of. But she does not plausibly allege that Young and Renzi discussed violating White's constitutional rights; rather, she alleges the hearing resolved discovery disputes.

White argues the district court was bound to find state action based on its decision in *LaLumia v. Sutton*, No. 1:13-CV-1012, 2013 WL 6566064 (N.D.N.Y. Dec. 13, 2013), in which it found a different plaintiff had stated a § 1983 claim against a private actor. But *LaLumia* is distinguishable. There, the plaintiff alleged joint action between the defendant and state actors because the defendant was a police officer's wife who told both her husband and another officer to arrest the plaintiff and repeated that request in a deposition. *See id.* at *3–4. Here, White has made no such direct allegations of conspiracy between Young or Stever and any state actors; instead, she suggests Young had an *opportunity* to conspire with Renzi and that Stever and Maney's similar mis-recollection of a witness' name suggests they conspired. Unlike in *LaLumia*, the allegations in White's complaint do not satisfy

6

the "meeting of the minds" or the overt act requirements.

**II.    Judicial Immunity**

The district court correctly dismissed claims against the judge defendants *sua sponte* on grounds of absolute judicial immunity. *See Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (observing that immunity can be invoked *sua sponte*). "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). And to the extent White sought injunctive relief, § 1983 itself bars suits for injunctive relief against judicial officers "unless a declaratory decree was violated or declaratory relief was unavailable," neither of which is alleged here. 42 U.S.C. § 1983.

**III.    Police Officer**

The district court properly dismissed claims against the defendant police officer because the Due Process Clause does not provide individuals with a protected interest in police carrying out investigations on their behalf. *See Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010); *see also DeShaney v.*

7

*Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) ("[O]ur cases have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid.").

**IV.    Leave to Amend**

Finally, the district court permissibly denied further leave to amend.  White had already amended once and the district court did not err in deciding that further amendment would be futile.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered all of White's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.  White's pending motions are **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8