*Carota v. James*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-four.

PRESENT:
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
>> *Circuit Judges.*

---

ROBERT D. CAROTA,

> *Plaintiff-Appellant*,

> v.                                                     No. 23-854

LETITIA JAMES, Attorney General, LUCY LANG, Inspector General, ROBERT H. TEMBECKJAIN, Administrator (Commission of Judicial Conduct), MONICA DUFFY, Chief Attorney (Attorney Grievance Committee),

> *Defendants-Appellees*.

---

For Plaintiff-Appellant:                    Robert Carota, *pro se*, Sonyea, NY.

For Defendants-Appellees:             Barbara    D.    Underwood,    Solicitor
                                      General,    Victor    Paladino,    Senior
                                      Assistant    Solicitor    General,    Brian
                                      Lusignan, Assistant Solicitor General, *for*
                                      Letitia James, Attorney General, State of
                                      New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 3, 2023 judgment of the district court is **AFFIRMED**.

Robert Carota, who is incarcerated and proceeding *pro se*, appeals from the district court's judgment dismissing with prejudice his complaint, which alleged that various New York state officials (collectively, "Defendants") violated his constitutional rights by failing to investigate and address purported government misconduct in connection with his criminal conviction. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, to which we refer only as necessary to resolve this appeal.

We review a district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) *de novo*, "accepting all factual allegations in the complaint

as true and drawing all reasonable inferences in the plaintiff's favor." *Bangs v. Smith*, 84 F.4th 87, 95 (2d Cir. 2023) (internal quotation marks omitted). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because Carota is proceeding *pro se*, we construe his filings liberally, "reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

Here, the district court dismissed Carota's complaint with prejudice because he failed to plead a plausible First Amendment, due process, or equal protection claim concerning Defendants' alleged failure to address Carota's various misconduct complaints. *See Carota v. James*, No. 22-cv-949 (TJM), 2023 WL 3788857 (N.D.N.Y. May 3, 2023). We agree that Carota failed to plead a plausible violation of these rights and that the proposed amendments to Carota's complaint would be futile. *See Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019).

*First*, the district court did not err in concluding that Carota failed to allege a First Amendment violation. Although Carota claims that Defendants violated his right to petition the government to "redress grievance[s]," Carota Br. at 5, 12,

3

his complaint does not allege any facts to suggest that Defendants in any way "obstructed" him from submitting his grievance complaints. *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996) (internal quotation marks omitted). To the contrary, his own complaint makes clear that he submitted multiple grievance complaints to Defendants, and even received responses in some instances. Because Carota has failed to allege that Defendants obstructed his ability to lodge his complaints, he cannot show any actual injury in connection with his claim. *See Lawyers' Comm. for 9/11 Inquiry, Inc. v. Garland*, 43 F.4th 276, 283–84 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 573 (2023).[1]

On appeal, Carota suggests that he suffered an actual injury because Defendants failed to investigate or otherwise act on his claims, and such inaction thwarted his efforts to obtain post-conviction relief. But while the First Amendment protects the right of citizens "to express their ideas, hopes, and concerns to their government and their elected representatives," *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 388 (2011), it "does not impose any affirmative obligation

---

[1] The district court construed Carota's complaint as potentially asserting a First Amendment retaliation claim. In his brief on appeal, Carota clarified that he did not assert a retaliation claim below. Accordingly, we do not discuss the district court's analysis regarding the merits of such a claim.

4

on the government . . . to respond" to these petitions, *Smith v. Ark. State Highway Emps., Loc. 1315*, 441 U.S. 463, 465 (1979); *see also Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment . . . suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues."). Defendants' alleged inaction therefore cannot serve as the basis for a First Amendment right-to-petition claim in this case.[2]

*Second*, we agree with the district court that Carota failed to state a due process claim. Carota argues that Defendants violated his due process rights by failing to "investigate," "prosecute," or otherwise respond to his various complaints.[3] Dist. Ct. Doc. No. 1 at 7; Carota Br. at 14–16. But Carota fails to demonstrate that he has a protected liberty or property interest in Defendants

---

[2] At various points in Carota's appellate brief, he seems to suggest that he is additionally asserting an access-to-the-courts claim under the First Amendment. Because Carota did not raise this claim below, we decline to consider it on appeal. *See Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1078 (2d Cir. 2021).

[3] Carota also contends that his due process rights were violated because "false evidence [was used] against him." Carota Br. at 5; *see also id.* at 16. While the use of fabricated evidence may constitute a denial of due process in certain circumstances, *see Barnes v. City of New York*, 68 F.4th 123, 128–34 (2d Cir. 2023), Carota does not claim that *any of the Defendants in this case* used false evidence against him. *See, e.g.*, Carota Br. at 7 (alleging that the prosecutor in his underlying criminal case fabricated evidence to obtain an indictment against him); *id.* at 16 (arguing that the prosecutor's use of false evidence deprived him of a fair trial). His allegations concerning the use of false evidence therefore cannot support a due process claim in this case.

taking his preferred course of action in response to his misconduct claims.  *See Harrington v. County of Suffolk*, 607 F.3d 31, 34–35 (2d Cir. 2010) (rejecting claim that plaintiffs were entitled to a police investigation given significant amount of discretion involved in law enforcement investigations); *Benzman v. Whitman*, 523 F.3d 119, 130 (2d Cir. 2008) (noting that Fifth and Fourteenth Amendment Due Process Clauses "generally confer no affirmative right to governmental aid" (internal quotation marks omitted)).  And, contrary to Carota's contention, the fact that state laws use mandatory language (*e.g.*, "shall") in describing the duties of Defendants' official positions or commissions is not sufficient to create a protected entitlement.  *See Harrington*, 607 F.3d at 35 ("[D]espite its use of the word 'shall,' the Suffolk County Code does not deprive police departments of discretion in enforcing the law or investigating possible criminal acts."); *see also Town of Castle Rock v. Gonzales*, 545 U.S. 748, 761–62 (2005).

*Finally*, the district court properly dismissed Carota's equal protection claim.  The Equal Protection Clause has been interpreted to require that "all persons similarly circumstanced shall be treated alike."  *Hayden v. Paterson*, 594 F.3d 150, 169 (2d Cir. 2010) (internal quotation marks omitted).  Carota argues that, because "he belongs to a class of people having a criminal record,"

6

Defendants "intentionally discriminated against" him by failing to investigate his claims despite "routinely" investigating other complaints that are submitted by those without criminal records. Dist. Ct. Doc. No. 1 at 7; Carota Br. at 6. But Carota did not allege any facts indicating that Defendants treated his complaints differently than comparable complaints submitted by individuals without criminal records. Nor did Carota allege any facts suggesting that Defendants acted intentionally towards him or treated him differently because of his criminal record. *See Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001); *see also Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 438 (2d Cir. 2009). Carota's conclusory allegations are plainly insufficient to state an equal protection claim.

We have considered Carota's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7