25-408-cv
*Cruz v. Barry*

## UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

Jose B. Cruz,

> *Plaintiff-Appellant*,
>
> v.                                                                                     25-408-cv

Rebecca Barry, In her individual capacity, Richard Bango, In his individual capacity,

> *Defendants-Appellees*.

_____

For Plaintiff-Appellant:                                      JOSE B. CRUZ, *pro se*, Shelton, CT.

For Defendant-Appellee
Rebecca Barry:                                                    KATHERINE A. ROSEMAN, Assistant
                                                                            Attorney General, *for* William Tong,
                                                                            Attorney General, Hartford, CT.

For Defendant-Appellee
Richard Bango:                                   ALAN R. DEMBICZAK, Howd & Ludorf,
                                                 LLC, Wethersfield, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Kari A. Dooley, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on February 21, 2025, is **AFFIRMED**.

Jose B. Cruz, *pro se*, appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to state a claim. Cruz brought this action against Connecticut Supervisory Assistant State's Attorney Rebecca Barry and Shelton Police Officer Richard Bango in their individual capacities for their involvement in the issuance of a January 2021 warrant for Cruz's arrest and his subsequent prosecution. Cruz's arrest arose out of a call he made to Ann Byer, a secretary for the Chief Judge of the New York Court of Appeals, during which Cruz purportedly threatened to kill his former attorney, Angel Castro. After Byer notified law enforcement authorities of this call, and Bango spoke with Castro, Cruz was arrested for second-degree threatening and breach of the peace. The charges against Cruz were eventually dropped, and Cruz brought this action alleging that Barry and Bango failed to properly investigate witness statements against him before proceeding with his arrest and prosecution. Barry and Bango each moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6). The district court granted these motions, reasoning that Barry was entitled to absolute prosecutorial immunity and that Cruz failed to state a false arrest or malicious prosecution claim against Bango. Cruz now appeals. We assume the parties' familiarity with the case.

## I. Standard of Review

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023).[1]  Although "we are required to assume the truth of the 'well-pleaded factual allegations' in the complaint, that obligation is 'inapplicable to legal conclusions,' such as 'threadbare recitals of the elements of a cause of action' that are 'supported by mere conclusory statements.'" *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).  Because Cruz "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Id.*[2]

## II. Cruz's Claims Against Barry

The district court correctly concluded that Cruz's claims against Barry were barred by absolute prosecutorial immunity.  "The doctrine of absolute immunity applies broadly to shield a prosecutor from liability for money damages (but not injunctive relief) in a § 1983 lawsuit, even when the result may be that a wronged plaintiff is left without an immediate remedy." *Anilao v. Spota*, 27 F.4th 855, 863 (2d Cir. 2022).  "The immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." *Id.* at 864.

Cruz challenges Barry's decisions to (1) sign and submit an arrest warrant application, (2) not corroborate the allegations against him, and (3) act upon Castro's allegations.[3]  However,

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

[2] We agree with the district court that the exhibits Cruz submitted before Barry and Bango filed their motions to dismiss should be construed as exhibits to the amended complaint.

[3] Cruz's briefing asserts that Barry's actions were motivated by racial bias.  However, Cruz's amended complaint does not contain any allegations, let alone non-conclusory allegations, that Barry was motivated by racial bias.  Cruz's assertions thus cannot be considered at this stage. *DeFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111

all of these actions are protected by absolute prosecutorial immunity. *See id.* ("[A] prosecutor enjoys absolute immunity when determining which offenses to charge, initiating a prosecution, presenting a case to a grand jury, and preparing for trial."); *Flagler v. Trainor*, 663 F.3d 543, 547 (2d Cir. 2011) ("[T]he Supreme Court has found prosecutors absolutely immune from suit for alleged misconduct during a probable cause hearing, in initiating a prosecution, and in presenting the State's case."). Moreover, while a prosecutor's "[a]ctions taken as an investigator enjoy only qualified immunity," Cruz's allegations related to the sufficiency of Barry's investigation pertain to "investigative acts reasonably related to decisions whether or not to begin or to carry on a particular criminal prosecution" and are thus "shielded by absolute immunity." *Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012). Prosecutorial immunity thus shields Barry from liability on all of Cruz's claims.

### III.  Cruz's Claims Against Bango

The district court was also correct that Cruz failed to state a claim against Bango. Cruz's amended complaint can be construed as alleging false arrest and malicious prosecution claims against Bango.[4] False arrest and malicious prosecution claims brought under § 1983 are governed by state law. *Alberty v. Hunter*, 144 F.4th 408, 414–15, 417 (2d Cir. 2025). Under Connecticut law, the state where Cruz was arrested and prosecuted, both false arrest and malicious prosecution claims are defeated by the existence of probable cause. *Id.* at 415, 417. "Normally, the issuance

---

(2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.").

[4] We agree with the district court that failure to investigate is not cognizable as a freestanding claim under § 1983 because the "duty to investigate criminal acts (or possible criminal acts) almost always involves a significant level of law enforcement discretion." *See Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010). "That discretion precludes any legitimate claim of entitlement to a police investigation" for purposes of alleging the existence of a constitutionally protected property interest. *Id.*

of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause . . . ." *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). To overcome this presumption, the plaintiff "must show (1) that supporting warrant affidavits on their face, fail to demonstrate probable cause; or (2) that defendants misled a judicial officer into finding probable cause by knowingly or recklessly including material misstatements in, or omitting material information from, the warrant affidavits." *Mara v. Rilling*, 921 F.3d 48, 73 (2d Cir. 2019).

The existence of a valid warrant for Cruz's arrest dooms both his malicious prosecution and false arrest claims. Cruz was arrested pursuant to a warrant that was approved by a judge of the Connecticut Superior Court and supported by an affidavit signed by Shelton Police Sergeant William Serrano, who is not named as a party in this case. This warrant alone created a presumption of probable cause, *see Golino*, 950 F.2d at 870, and Cruz has failed to rebut this presumption. Cruz contends that Serrano submitted the probable cause affidavit in reliance on incomplete information from Bango and that the judge would not have issued the warrant had he known that Castro "robbed me of $100,000 and was getting disbarred." Reply Br. at 7–8. However, this information, even if true, does not undermine the probable cause to believe that Cruz made death threats against Castro, to which Byer attested in a sworn statement and which Cruz repeated in conversation with Serrano and Bango. Finally, Bango's failure to corroborate Byer's allegations against Cruz does not render the warrant deficient; "officers are not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Alberty*, 144 F.4th at 416. Cruz's claims against Bango thus fail.

5

We have considered Cruz's remaining arguments and are unpersuaded. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court